IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC.,                                      )
FOLDRX PHARMACEUTICALS, LLC,                      )
PF PRISM IMB B.V., WYETH LLC and                  )
THE SCRIPPS RESEARCH INSTITUTE,                   )
                                                  )
            Plaintiffs,                            )
                                                  )     C.A. No. 23-879 (GBW) (CJB)
            v.                                     )     CONSOLIDATED
                                                  )
DEXCEL PHARMA TECHNOLOGIES                        )
LIMITED, et al.,                                  )
                                                  )
            Defendants.                            )

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled consolidated actions (collectively, the "Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of Plaintiffs Pfizer Inc.; FoldRx Pharmaceuticals, LLC; PF PRISM IMB B.V.; Wyeth LLC; and The Scripps Research Institute (collectively, "Plaintiffs") and Defendants Aurobindo Pharma Limited; Cipla Limited; Dexcel Pharma Technologies Limited; and Zenara Pharma Private Limited (collectively, "Defendants") (Plaintiffs and Defendants collectively, "the Parties"); or THIRD PARTIES that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the Parties, through counsel, stipulate to the entry of this Protective Order to prevent improper dissemination or disclosure of such confidential information; and

WHEREAS, the Parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.     **Scope of Protective Order**.  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, pleadings and other documents filed with the Court, and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent such material is designated "CONFIDENTIAL INFORMATION" in accordance with ¶ 2 of this Protective Order.

This Protective Order shall also govern any designated record of information produced in this Action pursuant to required disclosures under any federal procedural rule or District of Delaware Local Rule, and any supplementary disclosures thereto.

2.     **Definitions**.  The terms "CONFIDENTIAL INFORMATION" and "THIRD PARTY" or "THIRD PARTIES," as used herein, shall mean the following:

a.     "CONFIDENTIAL INFORMATION" means all information, in any form, that constitutes "a trade secret or other confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1) and includes all information that is not generally known to the public or to competitors and that relates to scientific and technical information, product research, product development, employment information, product manufacturing, financial performance (whether historical or future),

2

marketing, sources of supply, or strategic planning and includes such information about a Third Party including parents, subsidiaries and/or affiliates.  The designation of "CONFIDENTIAL INFORMATION" by the producing party constitutes a representation of that party that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects its trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c).

b.      "THIRD PARTY" or "THIRD PARTIES" means any person or entity who is not a named party in this Action.

3.      **THIRD PARTIES under the Protective Order**.  If a THIRD PARTY provides discovery to any party in connection with this Action, and if the THIRD PARTY so elects, then the provisions of this Protective Order shall apply to such discovery and the Parties will treat all information that is produced by such THIRD PARTY in accordance with the terms of this Protective Order to the extent it is designated as CONFIDENTIAL INFORMATION.  Under such circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the Parties to this Action. Because THIRD PARTIES may be requested to produce documents containing information that a party considers CONFIDENTIAL, all documents produced by a THIRD PARTY in this Action shall be treated as if designated CONFIDENTIAL hereunder for a period of seven (7) days after production in order to allow the Parties time to review the documents and make any appropriate designations hereunder.

4.      **Designation.**   Each party shall have the right to designate information as CONFIDENTIAL, subject to this Protective Order.   To the extent that material is designated

CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity except as provided herein.  Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.  The procedures for designating materials as CONFIDENTIAL are as follows:

a.      **Designation of Documents and Things**.  The Parties and any THIRD PARTIES shall label or mark each page of each document and thing that constitutes or contains CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL," or otherwise mark or designate in writing the materials as CONFIDENTIAL INFORMATION and subject to the Protective Order when the document or thing is produced to the receiving party.  Documents or information produced pursuant to Local Rule 26.2 shall be considered as designated CONFIDENTIAL under this Protective Order.  Anything that cannot be so marked shall be designated by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document and each thing produced pursuant to discovery in this Action shall also bear a unique identifying number.

Documents and things produced without a legend designating the material CONFIDENTIAL shall not be subject to this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or otherwise

designated CONFIDENTIAL INFORMATION in accordance with the provision of ¶ 9 of this Protective Order. Inspection of documents or things by any party shall be conducted by persons eligible under ¶ 13 below.  Such persons shall initially treat all information obtained during or from any inspection as containing CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with any confidentiality designation appearing on the document or thing at the time of its production.

Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of CONFIDENTIAL INFORMATION that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege, or to work-product immunity, or to another privilege or immunity.  Each such redaction, regardless of size, shall be clearly labeled as "Redacted – Relevance" or "Redacted – Privilege". This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  The Parties will meet and confer as to whether all documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and exchanged at a mutually agreeable date and time.

b. **Designation of Interrogatories, Requests for Admission and Written Testimony**.  Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked by the party providing the response or testimony as containing CONFIDENTIAL INFORMATION.

c. **Designation of Deposition Transcripts.**  Deposition transcripts containing CONFIDENTIAL INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within thirty (30) days following receipt of the official transcripts of the deposition.

All deposition transcripts not previously designated shall be deemed to be, and shall be treated as CONFIDENTIAL for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such information pursuant to this Protective Order.  After thirty (30) days, the aforementioned testimony shall no longer be treated as CONFIDENTIAL, unless at least one party has designated specific portions of the testimony as such or unless the producing and receiving parties otherwise agree.  The Parties agree to mark at least the first page of all copies of deposition transcripts that contain testimony, or that append exhibits, designated as CONFIDENTIAL with the

legend "CONFIDENTIAL INFORMATION" and to provide each other notice of which portions of the deposition transcript contain CONFIDENTIAL INFORMATION.  This paragraph does not limit any party's right to challenge any presumptive designation or preclude a producing party from designating testimony or transcripts as CONFIDENTIAL INFORMATION.

    d.   **Designation of Hearing Testimony or Argument.**  With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever matter designated CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Protective Order to receive information so designated.

    5.    **Limitations on Attendance at Depositions**.  Counsel for a producing party may request that all persons other than the witness (who signs the Undertaking attached as Exhibit A if a THIRD PARTY witness), counsel for the witness, the court reporter, and those individuals specified in ¶ 13, as applicable leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party believes to be CONFIDENTIAL INFORMATION hereunder.   If individuals not permitted access to CONFIDENTIAL INFORMATION pursuant to the terms of this Protective Order fail to leave the

deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL INFORMATION, counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION at issue.

6.      **Limitations on Attendance at Hearings or Trial.**  Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL INFORMATION that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.  Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION will be used or disclosed shall be limited for the time period during which CONFIDENTIAL INFORMATION will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order.

7.      **Proper Use and Disclosure of Designated Information.** Subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter, material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, and may be used in testimony at trial, offered into evidence at trial and/or hearings on motions subject to such procedures mandated by the Court.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

Material designated CONFIDENTIAL, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not

be disclosed by the receiving parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the receiving parties for any purpose other than in connection with this Action, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case). Absent written consent of the producing parties or further order of this Court, all persons receiving information designated CONFIDENTIAL are expressly prohibited from using or disclosing such information in connection with any practice before or communication with (including, but not limited to, patent applications, citizens petitions, and other filings) the United States Patent and Trademark Office, the Food and Drug Administration ("FDA"), the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction.

8.   **Storage of CONFIDENTIAL INFORMATION**. The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

9.   **Inadvertent Production of CONFIDENTIAL INFORMATION**. If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after becoming aware of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The producing party will also provide copies of the properly

marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order).  Upon receipt of such notice and properly marked information, the receiving party or parties shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

10.     **Limitations on Advice to Clients**. It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the producing party.

11.     **Discovery of THIRD PARTY Information**. A producing party may redact the CONFIDENTIAL INFORMATION of a THIRD PARTY that is in its possession where the producing party is under an obligation not to disclose such information, provided that the producing party shall identify the THIRD PARTY to the receiving party and shall not impede discovery by the receiving party from said THIRD PARTY.

12.     **Inadvertent Production of Privileged or Work Product Information**. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production or disclosure of any document or tangible thing (including information) that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel

as to, any claims of privilege, work product immunity, or other privilege or immunity. In such an event, the producing party shall send to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after becoming aware of such inadvertent or mistaken production. Within ten (10) business days of receiving a written request to do so from the producing party, the receiving party shall (a) return to the producing party or destroy (with confirmation in writing to the producing party that the documents or tangible things have been destroyed) any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced and (b) destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof. The receiving party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

    a.    If the receiving party wishes to contest that any such document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the producing party in writing when the document or thing is returned to the producing party or confirmed to have been destroyed ("Notice of Designation").

    b.    Within ten (10) days after receiving a Notice of Designation, the producing party shall provide to the receiving party for each document or thing a description of the basis for the claim of privilege or immunity.

c.      Within ten (10) days after receiving such description, the receiving party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.  The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

d.      Notwithstanding the foregoing, with respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, the receiving party may retain copies of such documents and things pending resolution of any dispute to the claims of attorney-client privilege or work-product immunity, or other privilege or immunity, provided that the receiving party sequesters any such information during the pendency of such dispute. If the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, or other privilege or immunity, or if the Court rejects any challenge by the receiving party to the privileged or immune status of the inadvertent production, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

e.      If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on or off the record

for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

f.    The procedures set forth in this Paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

13.    **Access to CONFIDENTIAL INFORMATION.**  Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the following individuals:

a.    Williams & Connolly LLP and Morris, Nichols, Arsht & Tunnell LLP, as litigation counsel of record for Plaintiffs, and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose

duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

b.     Two (2) in-house counsel for the Pfizer entities (Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth LLC) and two (2) in-house counsel for The Scripps Research Institute, who are designated as follows or to be designated in the future, provided they have responsibility for overseeing this litigation and they execute the undertaking attached hereto as Exhibit A and such undertaking is served upon counsel for each Defendant.  Plaintiffs (and the Pfizer and Scripps in-house counsel upon execution of the undertaking) represent that they do not, and will not for a period of one year following the final disposition of this litigation, have responsibility for business decisions involving product marketing or commercial strategy relating to tafamidis or tafamidis meglumine. Notwithstanding the foregoing provisions, in-house counsel shall be permitted to advise Pfizer regarding legal strategy and the pending litigation; provided, however, that the CONFIDENTIAL INFORMATION is not thereby disclosed.

   i.     for the Pfizer entities: Michele Winneker and Jeffrey Rennecker.

   ii.    for the Scripps Research Institute: _____ and _____.

c.     Pergament & Cepeda LLP and Morris James LLP as litigation counsel of record for Defendants Aurobindo Pharma Limited ("Aurobindo") and Zenara Pharma Private Limited ("Zenara"); Windels Marx Lane & Mittendorf, LLP and

Smith, Katzenstein & Jenkins, LLP, litigation counsel of record for Cipla Limited ("Cipla"); Sterne, Kessler, Goldstein & Fox, PLLC and Young Conaway Stargatt & Taylor, LLP, litigation counsel of record for Defendant Dexcel Pharma Technologies Limited ("Dexcel"); and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

   d. Up to three (3) in-house counsel for each Defendant, who are designated as follows or to be designated in the future, provided they have responsibility for overseeing this litigation and execute the undertaking attached hereto as Exhibit A and such undertaking is served upon counsel for Plaintiffs.  To the extent a Defendant does not have three (3) in-house counsel with responsibility for overseeing this litigation, that Defendant may designate an in-house representative with responsibility for overseeing this litigation. Each Defendant (and each Defendant's in-house counsel or representative upon execution of the undertaking) represents that the in-house counsel or representative do not, and will not for a period of one year following the final disposition of this litigation, have responsibility for business decisions involving product marketing or strategy relating to tafamidis or tafamidis meglumine.  Notwithstanding the foregoing provisions, in-house counsel or representative shall be permitted to advise each Defendant regarding legal strategy and the pending litigation; provided, however, that the CONFIDENTIAL INFORMATION is not thereby disclosed. To the extent that a Defendant does not identify one or both of their in-house counsel or representatives in the text of this Protective Order

as entered, the Defendant may do so at a later date by notifying counsel for Plaintiffs of the designation and serving the executed Exhibit A upon counsel for Plaintiffs.

    i.      for Aurobindo: _____ and _____.

    ii.     for Cipla: Madhura Bhide and Priyanka Sane.

    iii.    for Dexcel: _____ and _____.

    iv.    for Zenara: _____ and _____.

e.     Outside consultants or experts and their staffs retained by the Parties or their attorneys for purposes of this Action, who are not objected to pursuant to ¶ 14, and who first agree to be bound by the terms of this Protective Order.

f.     The Court before which this Action is pending and their authorized staff court reporters.

g.    Court reporters, videographers, and their respective staffs employed in connection with this Action.

h.    Any interpreter, any typist or transcriber used by the interpreter who first agrees to be bound by the terms of this Protective Order.

i.     THIRD PARTIES specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, trial consultants, other litigation support personnel (e.g., graphic designers and animators, database entry personnel), and other Third-Party Vendors; and

j.     Any other person as to whom the Parties agree in writing.

The individuals specified in ¶¶ 13(b), (d), and (j) who have received access to information designated CONFIDENTIAL by any party other than his or her client/employer shall not thereafter prosecute, supervise, or materially assist in the prosecution of any patent application (including

both foreign and U.S.) that covers tafamidis or tafamidis meglumine (including compositions, methods, distribution methods, uses, or processes) for the length of this Action plus one (1) year after a final, non-appealable judgment in this Action.  For the avoidance of doubt, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of the patents-in-suit, a continuation, a divisional, a continuation-in-part, a reissue patent, or a patent application that covers tafamidis or tafamidis meglumine, including through the use of any post-grant proceedings such as *Inter Partes* Review, *Ex Parte* Reexamination, Covered Business Method Review, or related appeals that involve "prosecution" as set forth above.  Nothing herein shall prohibit an individual from participating, supervising, or assisting with the practice before or communication with the United States Patent and Trademark Office with respect to an *Inter Partes* Review proceeding regarding the patent(s)-at-issue therein (or appeals therefrom), so long as that individual does not participate in any claim amendments.  Further, such individuals specified in ¶¶ 13(b), (d), and (j) shall not directly or indirectly participate in or advise any FDA correspondence, including citizen petitions, relating to pharmaceutical products containing tafamidis or tafamidis meglumine for the length of this Action plus one (1) year after the final, non-appealable judgment in this Action.  Notwithstanding the foregoing, such individuals may participate in actions necessary to seek or maintain approval of the Parties' respective NDA (Plaintiffs, present or future) or ANDAs (each Defendant, present or future).

14.     **Retention of Experts and Outside Consultants**. Disclosure of CONFIDENTIAL INFORMATION shall not be made to any such outside consultant described in ¶ 13(e) for a period of five (5) business days after serving the party providing discovery with a signed Undertaking in the form of the annexed Exhibit A, a current curriculum vitae of the outside consultant, and a list

of legal matters at which the consultant has testified by deposition or at trial in the last four (4) years.

15.     Counsel for the party providing discovery may, within a five (5) business day period, serve a notice of objection if a reasonable basis for such objection exists.  If the notice is served, the CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within ten (10) calendar days after service of the objection, if the Parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, counsel for the objecting party may subsequently request from the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served.  If the objecting party makes this request, the CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the Parties agree that such disclosure may be made.  Failure to submit such a request to the Court within the ten (10) calendar day period shall operate as a waiver of this objection, unless the Parties agree in writing to extend this deadline while meeting and conferring regarding the objection.

16.     **Disclosure to Other Individuals**.  Disclosure of CONFIDENTIAL INFORMATION may be made to individuals not identified in ¶ 13, above, as follows:

a.     CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶ 13 above as agreed by the party that designated such information CONFIDENTIAL.

b.     Any party may move the Court for an Order, upon good cause shown, that a person not identified in ¶ 13 above be given access to CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of Exhibit A

attached hereto.  For the avoidance of any confusion, this paragraph does not apply to any individuals to be identified in the future pursuant to ¶ 13.d above.

c.    CONFIDENTIAL INFORMATION of a producing party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either prepared, received or reviewed the CONFIDENTIAL INFORMATION prior to filing of this Action or if it is reasonable to conclude that the individual previously had lawful access or knowledge of the CONFIDENTIAL INFORMATION or the same type of information; (ii) a currently employed officer, employee or expert of a producing party, (iii) a previously employed officer or employee  of a producing party who was an officer or employee of the producing party as of the date of the CONFIDENTIAL INFORMATION at issue; and/or (iv) a witness designated for the producing party under Federal Rule 30(b)(6) concerning any topic to which the CONFIDENTIAL INFORMATION is relevant.

17.    **Confidentiality of One Defendant's Documents with Respect to Other Defendants.** For the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow the disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house representative, or any other representative of any other Defendant without the express written consent of the producing Defendant.

18.     **Confidentiality of Party's Own Documents.** A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION.

19.     **Inadvertent Disclosure**. If CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within five (5) business days of becoming aware of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and all copies of any such CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) business days of becoming aware of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A. The executed Undertaking shall be served upon counsel of record for the producing party within five (5) business days of its execution by the person or party to whom CONFIDENTIAL INFORMATION was disclosed.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20.     **Filing Under Seal**. Any information designated CONFIDENTIAL INFORMATION, if filed with the Court in connection with this Action, shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed and shall be marked in the caption that the material is being filed under seal by including the phrase "**FILED UNDER SEAL – CONFIDENTIAL INFORMATION**" below the case number. In addition, any document that is to be filed with the Court and that contains or discloses

CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material designated CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court.  However, the burden of proving that such document should be sealed shall at all times remain on the party that designated the document CONFIDENTIAL INFORMATION.

21.   **Challenging Designations**. The acceptance by any party of material designated CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not CONFIDENTIAL and the reasons supporting its contention.  If the designating party does not agree to remove the CONFIDENTIAL INFORMATION designation within ten (10) business days after receipt of such a request, then the party contending that such documents or material are not confidential may request that the Court remove such material from the restrictions of this Protective Order.  On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

22.   **No Expansion of Federal Rules of Civil Procedure**. Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any

CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity. However, this Protective Order shall not prevent the Parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more Parties from seeking relief from the Court if, e.g., identification of individual documents would be unduly burdensome. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

23.     **New parties to this Action.**  In the event additional parties join or are joined in this Action, they shall not have access to CONFIDENTIAL INFORMATION until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order is agreed to by all parties and entered by the Court.

24.     **Miscellaneous**. This Protective Order shall not be construed to prevent any of the Parties, or any THIRD PARTY, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court.  The Protective Order shall not preclude the Parties from enforcing their rights against any THIRD PARTY not associated with this Action who is believed to be violating their rights.

25.     **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that

the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.     **Publicly Available Information**. This Protective Order shall not apply to any information of the Parties which: (a) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION; (b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

27.     **Survival of Obligations under Protective Order**. With respect to any CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION is disclosed hereunder.  Upon final termination of this Action, including all appeals, each outside litigation counsel firm for each party may retain (a) one copy of all deposition transcripts and exhibits thereto, (b) one copy of all trial transcripts and trial exhibits, (c) one copy of each paper filed with the Court together with any exhibits thereto, (d) one copy of all correspondence and exhibits thereto, (e) each expert report together and any exhibits thereto, (f) each set of written

discovery requests and responses and (g) any drafts, memoranda, documents, things, or copies to the extent they include or reflect the receiving attorney's work product.  Any CONFIDENTIAL INFORMATION retained by outside litigation counsel pursuant to this paragraph shall remain subject to the protections of this Protective Order.

Within 60 days of the final termination of this Action, including all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION and any other summaries, abstracts, excerpts, indices and descriptions of such material, and information derived from such material that are recorded in any tangible form, shall be: (i) assembled and returned (except for any that may be retained by the Court) to the producing party; or, alternatively, (ii) counsel for the receiving party may certify in writing the destruction thereof.   Outside counsel and designated in-house counsel need not purge their email, document management systems, or back-up tapes, provided, however, that any CONFIDENTIAL INFORMATION contained in such documents retained by counsel shall remain subject to the protections of this Protective Order.

28.     **Waiver or Termination of Order.**  No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of this Court.  The termination of employment of any person with access to any CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

29.     **Modification of Order; Prior Agreements.**  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further Order of the Court.  This Protective Order supersedes any agreements between the Parties

regarding the confidentiality of particular information entered into before the date of this Protective Order.

30.    **Section Captions.**  The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

31.    **Days.**  All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.  However, if a deadline falls on a weekend or Court holiday, the deadline shall be extended to the next day that is not a weekend or Court holiday.

32.    **Order Applicable Upon Filing with the Court.**  Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., Wyeth LLC and The Scripps Research Institute*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*

_____

Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Jennifer P. Siew (#7114)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com
jsiew@ycst.com

*Attorneys for Defendant Dexcel Pharma Technologies Limited*

SMITH, KATZENSTEIN & JENKINS, LLP

*/s/ Daniel A. Taylor*

_____
Neal C. Belgam (#2721)
Daniel A. Taylor (#6934)
1000 West Street, Suite 1501
Wilmington, DE  19801
(302) 504-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendant Cipla Limited*

December 14, 2023

MORRIS JAMES, LLP

*/s/ Cortlan S. Hitch*

_____
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma
Limited and Zenara Pharma Private Limited*

SO ORDERED, this 15th  day of __December_____, 2023___.


_____
*Christopher J. Burke*
Christopher J. Burke
United States Magistrate Judge

26

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC.,                                                  )
FOLDRX PHARMACEUTICALS, LLC,                                  )
PF PRISM IMB B.V., WYETH LLC and                              )
THE SCRIPPS RESEARCH INSTITUTE,                               )
                                                              )
         Plaintiffs,                                   )
                                                              )   C.A. No. 23-879 (GBW) (CJB)
         v.                                            )   CONSOLIDATED
                                                              )
DEXCEL PHARMA TECHNOLOGIES                                    )
LIMITED, et al.,                                              )
                                                              )
         Defendants.                                   )

## UNDERTAKING OF _____

I, _____, declare under penalty of perjury that:

1.     My present address is _____.

2.     My present employer is _____,   and

the address of my present employer is _____.

3.     My present title is _____.

4.     I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.  Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not disclose the contents of anything marked CONFIDENTIAL to anyone other than the persons permitted by paragraph 13 of the Protective Order.  I further understand that I am not to disclose to anyone other than the persons permitted by paragraph 13 of the Protective Order any words, substances, copy, summary, abstract, excerpt, index, or description of any CONFIDENTIAL INFORMATION disclosed to me.

5.      I will comply with all provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of the enforcement of the Protective Order in this Action.

6.      I will return or destroy all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material at the termination of this Action or at any time when requested to do so.  I acknowledged that return or destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

7.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____   Signature: _____