IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., WYETH LLC, and THE SCRIPPS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCEL PHARMA TECHNOLOGIES LIMITED, et al.<br><br>Defendants. | C.A. No. 23-879 (GBW) (CJB)<br>CONSOLIDATED |

**STIPULATION AND [PROPOSED] ORDER TO
SUBSTITUTE HIKMA PHARMACEUTICALS USA INC.
FOR ZENARA PHARMA PRIVATE LIMITED**

Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth LLC, (collectively, "Plaintiffs") and Defendant Zenara Pharma Private Limited ("Zenara"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. WHEREAS, on August 23, 2023, Plaintiffs filed an action against Zenara, alleging patent infringement relating to Zenara's filing of an ANDA seeking approval to market a generic version of Pfizer's Vyndamax® drug (tafamidis) 61 mg capsules (C.A. No. 23-924, D.I. 1).

2. WHEREAS, on November 27, 2023, this Court consolidated Plaintiffs' action against Zenara with Plaintiffs' actions against Aurobindo Pharma Limited, Cipla Limited, and Dexcel Pharma Technologies Limited (C.A. No. 23-879, D.I. 22).

3. WHEREAS Zenara represents that on September 3, 2024, ownership of the tafamidis capsules 61 mg, ANDA No. 218205 ("tafamidis ANDA") transferred from Zenara to

Hikma Pharmaceuticals USA Inc. ("Hikma").

4. WHEREAS Hikma represents that it is the successor-in-interest to Zenara, with respect to the tafamidis ANDA.

5. WHEREAS Zenara asserts that the transfer of ownership of the tafamidis ANDA necessitates the substitution of Hikma for Zenara.

6. WHEREAS Hikma does not contest the jurisdiction of the District Court for the District of Delaware, nor the propriety of venue in that court, for the purposes of the above-referenced action.

7. WHEREAS Hikma hereby agrees to be bound, effective immediately, by the Scheduling Order (D.I. 22) and the Protective Order (D.I. 32) entered in C.A. No. 23-879, which were ordered by the Court on November 27, 2023 and December 15, 2023, respectively.

8. WHEREAS, for purposes of this litigation, documents produced by Zenara in this litigation will be admissible as non-hearsay documents under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Hikma represents that it will not challenge the admissibility of Zenara's documents on the basis that the documents are Zenara's and not Hikma's. Hikma agrees that all documents produced by Zenara to date shall be treated as if produced by Hikma.

9. WHEREAS Hikma will be bound by any statements, admissions, pleadings, objections or contentions provided by Zenara prior to entry of this Stipulation to the same extent as if Hikma provided such statements, admissions, pleadings, objections or contentions.

10. WHEREAS Hikma agrees to be bound by any stipulations and agreements entered into between Plaintiffs and Zenara in this litigation prior to entry of this Stipulation.

11. WHEREAS to the extent that Plaintiffs seek to take fact depositions of Zenara

employees, Hikma represents that it hereby stipulates to the unavailability of such witnesses pursuant to Federal Rule of Civil Procedure 32(a)(4) or Federal Rule of Evidence 804, and Hikma agrees that the testimony of such Zenara witnesses will not be excluded as hearsay on the basis of availability of the witness under Federal Rule of Evidence 804(b). Hikma otherwise expressly reserves the right to assert any other objections to the testimony of such Zenara witnesses as permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence; and Hikma further agrees that Plaintiffs similarly preserve their right to offer such testimony as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

12. WHEREAS, subject to the Protective Order and the Scheduling Order, including any discovery limitations set forth therein, Zenara agrees that it will continue to produce documents pursuant to Fed. R. Civ. P. 34, and Hikma represents that it will cooperate in response to requests for discovery from Zenara. This paragraph does not prevent Hikma or Zenara from raising good faith objections to such discovery requests, including with the Court.

13. WHEREAS, subject to the Protective Order and the Scheduling Order, including any discovery limitations set forth therein, Zenara further agrees that it will participate in deposition discovery, pursuant to Rules 30 and 31, as though it were still a party and without the need for a subpoena; however, Zenara witnesses will appear for deposition remotely between 6:00 AM – 10:00 PM ET, with priority given to the witness's availability and convenience, unless the parties mutually agree otherwise. *See* D.I. 22. This Stipulation does not prevent Zenara from raising good faith objections to discovery directed to it, including with the Court.

14. WHEREAS Hikma further represents that, in accordance with the Federal Rules

of Civil Procedure, the Scheduling Order and this Stipulation, Hikma will cooperate in response to future discovery requests, including with respect to information that may be in the possession, custody and control of Zenara, and will not object to such discovery on the basis that the information lies solely in the possession, custody and control of Zenara.

15. WHEREAS Hikma and Zenara further agree to be bound by the resolution of discovery matters involving Hikma or Zenara in this action.

16. WHEREAS this Stipulation does not constitute a waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

17. WHEREAS Counsel for Plaintiffs do not object to the substitution of Hikma for Zenara, subject to the agreements above.

18. WHEREAS Plaintiffs hereby dismiss Zenara from this action without prejudice, pursuant to Rule 41(a)(2).

19. NOW THEREFORE, Plaintiffs, Zenara, and Hikma hereby stipulate, subject to approval of the Court, (i) to substitute current defendant Zenara with new Defendant Hikma in the above-referenced action, as well as in the underlying action originally filed against Zenara (C.A. No. 23-924-GBW-CJB), and dismiss Zenara from these actions, and (ii) to amend the case captions as follows:

| | |
|---|---|
| PFIZER INC., FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., WYETH LLC, and THE SCRIPPS RESEARCH INSTITUTE,<br><br>                Plaintiffs,<br><br>      v.<br><br>DEXCEL PHARMA TECHNOLOGIES LIMITED, CIPLA LIMITED, AUROBINDO PHARMA LIMITED, AND HIKMA PHARMACEUTICALS USA INC.<br><br>                Defendants. | C.A. No. 23-879 (GBW) (CJB)<br>CONSOLIDATED |

| | |
|---|---|
| PFIZER INC., FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V. and WYETH LLC,<br><br>                Plaintiffs,<br><br>      v.<br><br>HIKMA PHARMACEUTICALS USA INC.<br><br>                Defendant. | C.A. No. 23-924 (GBW) (CJB) |

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| */s/ Megan E. Dellinger*_____ <br> Jack B. Blumenfeld (No. 1014) <br> Megan E. Dellinger (No. 5739) <br> 1201 North Market Street <br> Wilmington, DE 19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> mdellinger@morrisnichols.com <br><br> *Attorneys for Plaintiffs* <br><br> Dated: October 11, 2024 | */s/ Dominick T. Gattuso*_____ <br> Dominick T. Gattuso (No. 3630) <br> 300 Delaware Avenue, Suite 200 <br> Wilmington, DE 19801 <br> (302)472-7311 <br> dgattuso@hegh.law <br><br> *Attorney for Zenara Pharma Private Limited and Defendant Hikma Pharmaceuticals USA Inc.* |

SO ORDERED this __ day of October 2024

_____
The Honorable Gregory B. Williams