# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER, INC., *et al.*, <br><br> Plaintifs, <br><br> v. <br><br> DEXCEL PHARMA TECHNOLOGIES LIMITED, *et al.*,[1] <br><br> Defendants. | C.A. No. 23-879 (GBW) (CJB) <br> Consolidated |

**OPENING LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE FROM ANNE SHEA GAZA IN SUPPORT OF DEFENDANT DEXCEL PHARMA TECHNOLOGIES'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE <u>REQUESTED CONTENTION DOCUMENTS</u>**

Dated: May 5, 2025

Of Counsel:
Dennies Varughese, Pharm.D.
Gaby L. Longsworth, Ph.D.
Christopher M. Gallo
Alex Alfano
STERNE, KESSLER, GOLDSTEIN
& FOX P.L.L.C.
1101 K Street NW
10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
glongs@sternekessler.com
cgallo@sternekessler.com
aalfano@sternekessler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Dexcel Pharma Technologies Limited*

---

[1] This is a consolidated action involving four defendant groups: (1) Dexcel Pharma Technologies Limited ("Dexcel"); (2) Cipla Limited ("Cipla"); (3) Hikma Pharmaceuticals USA Inc. ("Hikma"); and (4) Aurobindo Pharma Limited ("Aurobindo"). This motion involves only defendants Dexcel, Cipla, and Hikma. Defendant Aurobindo is not relevant to the instant motion.

**Dear Judge Burke:** This is a consolidated Hatch-Waxman case, where Plaintiffs ("Pfizer") assert U.S. Patent No. 9,770,441 against three defendant groups—Dexcel, Cipla, and Hikma—each separate and unrelated generic companies. The '441 patent, in pertinent part, is directed to a specific polymorphic form ("Form I") of tafamidis, the API in Pfizer's Vyndamax® product. Dexcel stipulated to infringement, (D.I. 38), but is challenging the validity of the '441 patent. Cipla and Hikma ("Co-Defendants") assert non-infringement—*i.e.*, that their ANDA products contain a different form of tafamidis than Form I—of the '441 patent along with invalidity.

Dexcel has reason to believe that Pfizer's infringement assertions against Co-Defendants includes potentially contradictory statements that undermine Pfizer's rebuttal validity arguments. For example, Pfizer either stated that Co-Defendants' different crystal forms inevitably convert to Form I or conducted experiments to support that theory. Such evidence would impact issues of inherent anticipation and/or obviousness. And likewise, they could also demonstrate different polymorphic forms have peaks that Pfizer claims are unique to Form I, which would impact Section 112 issues. Such evidence would be reflected in Pfizer's (i) infringement contentions, (ii) Co-Defendants' non-infringement contentions, and (iii) corresponding expert reports due soon.

These materials are highly relevant to Dexcel's invalidity defenses. Accordingly, Dexcel served RFP Nos. 20-22 seeking all infringement and non-infringement contentions, interrogatory responses, responses to RFAs, and other related communication between Plaintiffs and Co-Defendants (for simplicity, "Contention Documents"). Ex. A. Claiming confidentiality, Co-Defendants objected to Pfizer producing the requested materials to Dexcel, specifically citing Paragraph 17 the Protective Order ("PO" / D.I. 32), which addresses the sharing of one defendant's confidential information with another defendant. Pfizer is resting on Co-Defendants' objection to refuse production to Dexcel. Despite Dexcel's good faith negotiations—including proposing redaction of any underlying ANDA documents and treatment on an Outside Attorney's Eyes Only ("OAEO") basis (*see* Ex. B, C), Co-Defendants object to production of the requested materials. Co-Defendants have not articulated any actual or specific prejudice from Dexcel's proposal.

Fairness requires that Dexcel have access to the same information. To be clear, Dexcel only seeks the Contention Documents, *not* any underlying ANDA documents (which can be redacted) on an OAEO basis. These reasonable restrictions eliminate any prejudice to Co-Defendants, while ensuring fairness to Dexcel. Dexcel, therefore, respectfully requests that the Court compel Pfizer to produce the requested materials or, alternatively, grant relief from the PO.

**The Court should compel production of redacted copies of the infringement contentions.**
The parties agreed to include Paragraph 17 in the PO, which warns against the disclosure of one Defendant's CONFIDENTIAL INFORMATION to another Defendant's representatives without consent. This provision aimed to protect a party's proprietary technical information and data from its competitors, but is not an absolute prohibition, especially when the interests of justice warrant disclosure. *First*, Paragraph 24 of the PO unambiguously states: "This Protective Order shall not be construed to prevent any of the Parties, or any THIRD PARTY, from applying to the Court for relief …." Thus, the PO expressly authorizes a party to seek exactly the relief Dexcel seeks here. *Second*, Paragraph 17 is written in the negative tense, stating "no provision of this Protective Order shall be interpreted to allow the disclosure of [confidential information]," and is not an affirmative prohibition altogether, as Co-Defendants contend. The Court can and should

1

order Dexcel's requested relief so Dexcel can access evidence critical to its invalidity defenses. Because Co-Defendants are asserting a non-infringement defense, Dexcel is not similarly situated and, therefore, does not have an identity of interest as to invalidity. Dexcel cannot rely entirely on Co-Defendants' exclusive possession to this evidence. Moreover, there is particular danger if Co-Defendants settle out of the case, yet Pfizer's potentially contradictory statements remain shielded.

To eliminate any prejudice to Co-Defendants, Dexcel has proposed the Contention Documents be produced with redactions that would maintain their usefulness, consistent with *Sysmex Corp. v. Beckman Coulter, Inc.*, C.A. No. 19-1642-RGA, D.I. 459 (D. Del. Jan. 26, 2022) (Ex. D). There, the court emphasized that redactions should involve "the least possible amount of the material[.]" Applying this principle here would prevent over-redaction that could obscure the statements relevant to Dexcel's invalidity defenses, ensuring that the Contention Documents remain meaningful and enabling Dexcel to pursue its defense on equal footing.

**Alternatively, the Court can exercise its authority to modify the Protective Order to permit the production of Co-Defendants' confidential information on an OAEO basis.** Under Paragraph 28 of the PO, the Court can waive or terminate any restriction for good cause shown. Under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994) a party seeking to modify a confidentiality order must present a reason for the modification. Once presented, the Court may find good cause exists to modify the order. *Pansy* provided several guiding non-exclusive factors, including whether disclosure would violate privacy interests, whether the information is sought for a legitimate purpose, whether disclosure would cause embarrassment, and whether sharing the information among litigants would promote fairness and efficiency. *Id.* at 787–91. These factors are neither mandatory nor exhaustive, affording the Court flexibility to tailor its analysis to the circumstances. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Dexcel has met its burden. Dexcel is unfairly disadvantaged by its inability to access Plaintiffs' infringement arguments, which potentially contain statements relevant to Dexcel's invalidity defenses. Co-Defendants, focused on non-infringement defenses, cited Paragraph 17 to block disclosure, creating an uneven playing field that disadvantages Dexcel. Modifying the PO to allow OAEO disclosure serves a legitimate purpose, promoting fairness by ensuring Dexcel has access to the same information available to Co-Defendants.

The concerns outlined in *Pansy* that might caution against modification are absent here. Disclosure on an OAEO basis will not violate any privacy interests, as the information will be limited to outside counsel. There is no risk of embarrassment to any party, as the contentions relate to legal arguments, not sensitive personal matters. And, no party has detrimentally relied on Paragraph 17 in a manner that would justify perpetuating the current restriction. Co-Defendants' refusal to consent to disclosure are driven by strategic considerations rather than any harm from an OAEO production. This secured framework ensures that confidential information remains protected, accessible only to Dexcel's outside counsel for the sole purpose of advancing its defense. Accordingly, to the extent the Court does not compel production of redacted copies of the contentions, Dexcel respectfully urges the Court to modify the PO under Paragraph 28 to permit OAEO disclosure of the Infringement Contentions.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (via e-mail)

Enclosures:  Exhibit A, discovery requests
                Exhibits B-C, correspondence
                Exhibit D, unreported decision
                Proposed Order