# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., WYETH LLC, and THE SCRIPPS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCEL PHARMA TECHNOLOGIES LIMITED, et al.,<br><br>Defendants. | C.A. No. 23-879 (GBW) (CJB)<br>CONSOLIDATED |

## CIPLA LIMITED'S AFFIDAVIT IN SUPPORT OF CIPLA'S ANSWERING LETTER BRIEF IN OPPOSITION TO DEXCEL PHARMA TECHNOLOGIES LIMITED'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE REQUESTED CONTENTION DOCUMENTS

I, Dr. Sumesh Reddy, declare as follows:

1. I am Global Head of Intellectual Property at Cipla Limited ("Cipla").

2. On August 18, 2023, Plaintiffs filed an action against Cipla alleging patent infringement relating to Cipla's filing on an ANDA seeking approval to market a generic version of Pfizer's Vyndamax® drug (tafamidis) 61 mg capsules (the "ANDA Product") (C.A. 23-909, D.I. 1). Cipla is the DMF holder for the tafamidis drug substance employed in the ANDA Product.

3. On November 27, 2023, this Court consolidated Plaintiffs' action against Cipla with Plaintiffs' actions against defendants, Aurobindo Pharma Limited, Zenara Pharma Private Limited, and Dexcel Pharma Technologies, Limited (C.A. No. 23-879, D.I. 22).

4. On December 15, 2023, the parties filed a Stipulated Protective Order with this Court to prevent improper dissemination or disclosure of confidential information including research, development or commercial information (C.A. No. 23-879, D.I. 32). Paragraph 17 of the Stipulated Protective Order is titled "Confidentiality of One Defendant's Documents with Respect to Other Defendants" and provides that "For the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow the disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house representative, or any other representative of any other Defendant without the express written consent of the producing Defendant. (Id.)."

5. CONFIDENTIAL INFORMATION under the Stipulated Protective Order includes confidential research, development or commercial information not generally known to the public or to competitors (D.I. 32 at paragraph 2).

6. During this litigation, in response to Plaintiffs' discovery requests, Cipla has produced thousands of documents and provided multiple witnesses for deposition under Rule 30. Such document production and depositions revealed Cipla CONFIDENTIAL INFORMATION concerning the ANDA Product, including highly sensitive research, development, trade secret and commercial information that Cipla invested significant resources in developing and believed would be protected from disclosure to other defendants under Paragraph 17 of the Stipulated Protective Order. In particular, Cipla's document production reveals confidential and proprietary research, development and trade secret information concerning the non-infringing crystalline tafamidis drug substance contained in the ANDA

2

Product, which required significant investment of resources to develop. Cipla 30(b)(6) and 30(b)(1) witnesses also provided testimony that revealed CONFIDENTIAL INFORMATION concerning the ANDA Product. Cipla relied upon the terms of the Stipulated Protective Order, including Paragraph 17, in producing such information to Plaintiffs and in providing witnesses for deposition.

7. Plaintiffs have relied on Cipla CONFIDENTIAL INFORMATION in its Infringement Contentions and in other discovery requests relating to infringement. Likewise, Cipla has relied on Cipla CONFIDENTIAL INFORMATION in its responses to Pfizer's discovery requests relating to infringement, including contention interrogatories and requests for admission.

8. I understand that Dexcel has moved to compel Plaintiffs to produce to Dexcel (including Dexcel's inside counsel and representatives and outside counsel or others permitted access under the Stipulated Protective Order) (i) Plaintiffs' Infringement Contentions, (ii) Defendants' non-infringement contentions, and (iii) corresponding expert reports, and (iv) other related communications between Plaintiffs and Co-Defendants concerning Co-Defendants' ANDA's ("Contention Documents").

9. The Contention Documents sought by Dexcel contain or will contain CONFIDENTIAL INFORMATION pertaining to the ANDA Product and Cipla's tafamidis drug substance. Such CONFIDENTIAL INFORMATION is highly sensitive and valuable scientific and commercial information that is not publicly available and is not known to competitors.

10. Dexcel is a direct competitor with respect to Cipla's ANDA Product since it has also sought approval to market a generic version of Plaintiffs' Vyndamax® drug product in the U.S.

11. Disclosure of Cipla CONFIDENTIAL information to Dexcel's inside counsel, in-house representatives and outside counsel or others permitted access under the terms of the Stipulated Protective Order (D.I. 32 at paragraph 13) could result in serious commercial harm to Cipla because it will reveal technical information about the ANDA Product that Dexcel, a direct competitor, would not otherwise be able to access. Such information could inform Dexcel's product development efforts, commercial strategy and litigation strategy to Cipla's detriment.

12. Dexcel claims that any prejudice to Cipla in revealing such CONFIDENTIAL INFORMATION to Dexcel can be cured by redactions to the Contention Documents. However, I understand that Dexcel has also proposed that the redactions to the Contention Documents and Expert Reports should involve the least possible amount of material. In my view, redaction of such documents to remove only limited technical information about the ANDA Product will not cure the prejudice and potential harm to Cipla. For example, redaction of technical information concerning the analytical characteristics of the tafamidis drug substance in the ANDA Product (e.g., peak positions) will be insufficient to protect Cipla from commercial harm because the information left unredacted will necessarily reveal information about the ANDA Product (e.g., "Plaintiffs contend that the ANDA Product infringes because it exhibits a peak at ____, as evidenced by the XRPD pattern and associated peak list"). Relatedly, leaving unredacted a

portion of the Contention Documents that alleges polymorphic conversion of the tafamidis active ingredient in Hikma's ANDA product but redacts certain analytical details concerning the drug substance will necessarily reveal highly sensitive CONFIDENTIAL INFORMATION about Cipla's drug substance and ANDA Product. Likewise, the unredacted information will betray the strength or weaknesses of Plaintiffs' infringement arguments, which will necessarily inform Dexcel's litigation strategy and potentially their settlement strategy to Cipla's detriment.

13. Alternatively, I understand that Dexcel proposes that this Court modify the Stipulated Protective Order to permit production of CONFIDENTIAL INFORMATION in the Contentions and Expert Reports on an outside attorneys' eyes only basis (OAEO) with no redaction.

14. In my view, permitting Dexcel's outside counsel to access the Contention Documents does not cure the potential harm to Cipla of such disclosure. Although Dexcel's in-house team will not have access to the CONFIDENTIAL INFORMATION in that instance, their outside counsel will have the benefit of the entirety of Plaintiffs' infringement allegations against Cipla and Cipla's responses, which will include Cipla CONFIDENTIAL INFORMATION pertaining to Cipla's non-infringement defense. Such information will necessarily inform Dexcel's outside counsel's litigation strategy and advice to Dexcel on matters such as settlement or trial even if the details of the Contention Documents are not disclosed to Dexcel's in-house counsel. As such, disclosure of the Contention Documents on a OAEO basis will not cure the potential harm to Cipla.

By: _____ *Sumesh Reddy*

Dr. Sumesh Reddy,
Global Head - Intellectual Property.

Dated: May 12, 2025

6