# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEXCEL PHARMA TECHNOLOGIES LIMITED, *et al.,*<br><br>　　　　Defendants. | C.A. No. 23-879 (GBW) (CJB)<br>Consolidated |

**REPLY LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE FROM ANNE SHEA GAZA IN SUPPORT OF DEFENDANT DEXCEL PHARMA TECHNOLOGIES'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE <u>REQUESTED CONTENTION DOCUMENTS</u>**

Dated: May 16, 2025

Of Counsel:
Dennies Varughese, Pharm.D.
Gaby L. Longsworth, Ph.D.
Christopher M. Gallo
Alex Alfano
STERNE, KESSLER, GOLDSTEIN
& FOX P.L.L.C.
1101 K Street NW
10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
glongs@sternekessler.com
cgallo@sternekessler.com
aalfano@sternekessler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Dexcel Pharma Technologies Limited*

**Dear Judge Burke:** Co-Defendants present boilerplate generalizations that fail to justify denying Dexcel's relief. For example, *first*, Co-Defendants vague claim that Dexcel seeks "Competitive Information" lacks specificity. D.I. 199 at 2. They fail to identify what information is at risk or how disclosure differs from routine ANDA disclosures. Dexcel seeks no actual ANDA documents, only contentions, expert reports, etc. Reasonable litigants typically do not oppose this and it is common for plaintiffs to disclose this information on an OAEO basis. *See* Protective Order, *Astellas Pharma Inc. v. Sandoz Inc.*, C.A. No. 20-1589-JFB-CJB (D. Del. Apr. 21, 2021), D.I. 115 (permitting disclosure of one defendant's confidential information to the outside counsel of co-defendants) (Ex. E).

*Second*, Co-Defendants' accusation that Dexcel's motion is "ill-considered" or seeks a "competitive advantage" is unfounded. D.I. 199 at 1. Dexcel detailed why it has "reason to believe" Pfizer's statements are relevant to invalidity. D.I. 196 at 1. Seeking equal access to relevant information Co-Defendants' possess is not an "advantage," but a matter of fairness.

*Third*, Dexcel cannot merely rely on Co-Defendants' (who ultimately are business competitors of Dexcel) assurances to share information, particularly when their opposition reveals intent to withhold details. Co-Defendants have made clear that they wish the keep Dexcel in the dark. Co-Defendants' focus on non-infringement creates a divergence of interests, where they may be incentivized *not* to characterize something as inconsistent if it aides their non-infringement arguments. If, as Co-Defendants claim, no information can be shared with Dexcel because of alleged competitive harm, then it is unclear how they supposedly intend to incorporate any inconsistent positions into joint contentions and joint expert reports.

*Fourth*, Co-Defendants fail to show a cognizable harm. Their vague claim that Dexcel may glean the strength of their infringement position to "inform its settlement decisions" lacks explanation or legal support. And even assuming, *arguendo*, that is true (it is not), Co-Defendants cite no legal authority establishing this as basis to deny Dexcel's relief. Indeed, this argument merely underscores their divergent interest, reinforcing Dexcel's need for independent access.

*Fifth*, the requested infringement information is business data, not a "privacy interest" under *Pansey*. *See Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, C.A. No. 08-cv-00874, 2013 WL 4476477, at *20 (D. Del. Jan. 22, 2013) ("business entities do not have a right to privacy."). ANDA defendants routinely access other's information during discovery and trials when the courtroom is open to all. Co-Defendants' reliance on *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, 2017 WL 928917 (M.D. Pa. Mar. 8, 2017) fails, as its protective order already allowed Attorneys' Eyes Only disclosure, precisely what Dexcel seeks. *Id*. at *1.

*Sixth*, Co-Defendants' "chilling effect" arguments do not make sense. All protective orders are subject to judicial relief in appropriate instances, and ANDA production is mandatory. Parties will still enter into protective orders and must produce relevant information.

*Finally*, Co-Defendants state that "Dexcel" participated in negotiating Paragraph 17. D.I. 199 at 2. But that does not create any estoppel effect precluding Dexcel from bringing this motion, as Co-Defendants suggest. Co-Defendants' opposition exclusively focuses on "modifying" the PO. But, that is an alternate relief. The Court can and should order production of the materials that Dexcel seeks without having to modify Paragraph 17, since that paragraph is not an absolute affirmative prohibition against production, as explained in Dexcel's opening letter brief. *See* D.I. 196.

1

        Respectfully,

        */s/ Anne Shea Gaza*

        Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (via e-mail)

Enclosures:  Exhibit E, *Astellas* Protective Order