# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC, FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., WYETH LLC, and THE SCRIPPS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCEL PHARMA TECHNOLOGIES LIMITED, et al.,<br><br>Defendants. | C.A. No. 23-879-GBW-CJB<br><br>**CONSOLIDATED**<br><br>**REDACTED PUBLIC VERSION** |

**LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE FROM CIPLA LIMITED AND HIKMA PHARMACEUTICALS USA INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE CASE SCHEDULE TO EXTEND THE FACT DISCOVERY DEADLINE FOR COMPLETION OF FOREIGN DISCOVERY**

| | |
|---|---|
| **SMITH, KATZENSTEIN & JENKINS, LLP**<br><br>Neal C. Belgam (No. 2721)<br>Daniel A. Taylor (No. 6934)<br>1000 N. West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>dtaylor@skjlaw.com<br><br>*Attorneys for Defendant Cipla Limited* | **HEYMAN ENERIO GATTUSO & HIRZEL LLP**<br><br>Dominick T. Gattuso (No. 3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendant Hikma Pharmaceuticals USA Inc.* |

Dated: September 22, 2025

**Dear Judge Burke**: Defendants Cipla and Hikma oppose Plaintiffs' motion to extend the fact discovery deadline for the fourth time, *at least* through December 1, 2025, to continue to pursue Hague Convention proceedings in India. The discovery Plaintiffs seek is speculative and unnecessary. Cipla and Hikma have already produced the relevant documents originating with ▌, a third party. Indeed, Plaintiffs have not identified any missing ▌ information from Defendants' productions. However, Plaintiffs seek to keep open the possibility of obtaining discovery from ▌ based on mere speculation that they might, at an unknown time, obtain some undefined information that *might* be pertinent to "infringement." At this late stage in the case, this speculative request unfairly prejudices Defendants and should be denied.

The patent-in-suit claims a genus of crystalline forms of tafamidis, as identified by any one of three analytical tests, including x-ray powder diffraction (XRPD). Plaintiffs' assert that "▌ necessarily possesses information that may confirm or refute the presence of this patented crystalline form[.]" D.I. 228 at 1. This assertion is misleading because it suggests that Plaintiffs have not already obtained the relevant information from ▌ pertaining to testing and manufacture of Defendants' products. This is incorrect.

Hikma and Cipla's respective Abbreviated New Drug Applications ("ANDAs") identify ▌, an Indian company, as a third party contract manufacturer for each defendant's ANDA product. ▌▌▌▌▌. ▌ shared the relevant XRPD testing and batch manufacturing records with each of Cipla and Hikma for their respective products and such information is incorporated into their ANDAs as filed with FDA.

In response to Pfizer's discovery requests, Cipla and Hikma produced the aforementioned ▌ documents pertaining to XRPD testing and manufacture of their respective ANDA products. Cipla and Hikma also produced samples of their API and ANDA products. Plaintiffs have not identified any deficiencies in Cipla or Hikma's productions of ▌ documents.

In early 2024, Plaintiffs asked Defendants to collect documents directly from ▌. Defendants refused to search and collect from this third party, in part because Cipla and then-Zenara (now Hikma) had already agreed to produce any relevant material from ▌ of which they were aware. The speculative nature of Plaintiffs' request, even back then, did not justify the additional time and cost imposed on Defendants. Plaintiffs, unwilling to accept Defendants' representations, instituted Hague Convention proceedings in March of 2024.

Those proceedings are ongoing in India and, there is—18 months later—no end in sight. *See* D.I. 228, Ex. 1 at ¶23. As noted by Pfizer's counsel, ▌ has appealed the Hague Order and the Indian appellate court is not currently willing to decide the appeal. *Id*. at ¶¶13, 23. Thus, Plaintiffs do not know *if*, let alone when, they will ever obtain any discovery from ▌.

Because of the uncertainty Hague proceedings, Plaintiffs now request an open extension to continue to pursue discovery from ▌—"at least through December 1, 2025." D.I. 228 at 3. This request amounts to a fishing expedition and unfairly prejudices Defendants.

Hikma and Cipla have already agreed to *three* extensions of time (extending the fact discovery schedule by nearly four months) for Plaintiffs to pursue discovery from ▇▇▇. *See* D.I. 189, 210, 220. The case is now in its late stages: responsive expert reports have already been submitted (on September 15), reply expert reports are due on November 7, and expert discovery ends on December 19, 2025. Regardless of what, if anything, Plaintiffs may obtain through the Hague Convention proceeding by December 1, it will be too late to incorporate new documents or theories into the case without entirely upsetting the remaining expert discovery and case schedule. Moreover, Plaintiffs do not (and cannot) suggest that an extension to December 1 will even provide sufficient time to obtain the requested discovery from ▇▇▇, and if it is not, any further extension will overlap with *Daubert* motions, due January 15, 2026, and possibly trial, set for April of 2026.

Plaintiffs' view of the legal standard for modifying the schedule is incorrect. While Plaintiffs must demonstrate diligence and good cause, they are wrong to suggest that prejudice is not a relevant consideration here. "In deciding whether to modify a scheduling order, the Court may consider any prejudice to the party opposing the modification. . . . Prejudice may include the delay of a trial date." *Dow Chemical Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012*); see also Xcoal Energy v Bluestone Energy*, 2020 WL 5369109, at *6 (D. Del. Sept. 8, 2020) ("among the factors the Court should consider in this context are: (1) the good faith and diligence of the moving party; (2) the importance of the evidence; (3) the logistical burdens and benefits of re-opening discovery; and (4) the prejudice to the non-moving party.").

Defendants do not dispute that Plaintiffs have been diligent. But the remaining *Xcoal* factors weigh heavily against the extension. With respect to factor (2), Plaintiffs have identified no specific need for any additional ▇▇▇ information and instead seek speculative discovery that will almost certainly be duplicative of what Defendants have already produced in this case. Turning to factors (3) and (4), ▇▇▇ discovery—*if it is ever ordered*—would likely take weeks to execute with no clear benefit. Further, the potential for prejudice is manifest. Should Plaintiffs later decide to incorporate that discovery into the case, Defendants will be burdened with preparing additional rounds of expert reports, which could jeopardize the remaining dates in the schedule, including the trial date, to the detriment of the parties and the Court.

Defendants have repeatedly indulged Plaintiffs' unfounded hope of obtaining new and meaningful discovery from ▇▇▇. To date, Plaintiffs have been unable to identify *any* relevant ▇▇▇ information missing from Defendants' productions. And *still*, Plaintiffs will not agree to end this inquiry—even as of December 1, 2025—*after all expert reports will have been served and (likely) some expert depositions will have already occurred*. Plaintiffs should be told to give up on this fishing expedition and live with the extensive production of ▇▇▇ manufacturing and testing information, as well as ANDA product samples, that they already received from Cipla and Hikma.

For these reasons, Defendants Cipla and Hikma respectfully submit that Plaintiffs' motion should be denied.

Respectfully,

| | |
|---|---|
| */s/ Daniel A. Taylor* | */s/ Dominick T. Gattuso* |
| Neal C. Belgam (No. 2721) | Dominick T. Gattuso (No. 3630) |
| Daniel A. Taylor (No. 6934) | **HEYMAN ENERIO GATTUSO** |
| **SMITH, KATZENSTEIN &** | **& HIRZEL LLP** |
| **JENKINS, LLP** | 300 Delaware Avenue, Suite 200 |
| 1000 N. West Street, Suite 1501 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 472-7300 |
| (302) 652-8400 | dgattuso@hegh.law |
| nbelgam@skjlaw.com | |
| dtaylor@skjlaw.com | *Of Counsel:* |
| | |
| *Of Counsel:* | Jeffrey S. Ward |
| | Emer L. Simic |
| Stuart D. Sender | Charlie K. Shih |
| Amlan Ray | **NEAL GERBER & EISENBERG LLP** |
| Joshua I. Miller | 225 W. Randolph St. |
| **WINDELS MARX LANE &** | Suite 2800 |
| **MITTENDORF, LLP** | Chicago, Illinois 60606 |
| One Giralda Farms Madison, NJ 07940 | (312) 269-8000 |
| (973) 966-3200 | jward@nge.com |
| ssender@windelsmarx.com | esimic@nge.com |
| aray@windelsmarx.com | cshih@nge.com |
| jmiller@windelsmarx.com | |
| | *Attorneys for Defendant Hikma* |
| *Attorneys for Defendant Cipla Limited* | *Pharmaceuticals USA Inc.* |

3