IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., | ) | |
| FOLDRX PHARMACEUTICALS, LLC, | ) | |
| PF PRISM IMB B.V., WYETH LLC, and | ) | |
| THE SCRIPPS RESEARCH INSTITUTE, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 23-879 (GBW) (CJB) |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| DEXCEL PHARMA TECHNOLOGIES | ) | |
| LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY LETTER BRIEF IN SUPPORT OF THEIR
MOTION TO AMEND THE CASE SCHEDULE TO EXTEND THE FACT
DISCOVERY DEADLINE FOR COMPLETION OF FOREIGN DISCOVERY**

OF COUNSEL:

Thomas H.L. Selby
Stanley E. Fisher
Christopher J. Mandernach
Andrew L. Hoffman
Ayelet Evrony
Rhochelle Krawetz
Max Accardi
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
(202) 434-5000

Originally Filed:  September 29, 2025
Redacted Version Filed:  September 30, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

Dear Judge Burke:

In their Opening Letter, Plaintiffs established good cause for this Court to grant their request to extend fact discovery for the limited purpose of completing the ongoing Hague Discovery of ████████████████████████████████████████  To show as much, Plaintiffs need only to "explain[] why more time is needed" and show diligence, which they did. *Guilfoil v. Johnson*, C.A. No. 15-733-GMS, 2017 WL 3473848, at *6 (D. Del. Aug. 11, 2017). As Plaintiffs explained, they need additional time to complete the ongoing discovery, started more than eighteen months ago, of a key third-party that possesses documents that go to the core issue in this case: whether the crystalline form of tafamidis claimed in the asserted patent is present in Defendants' ANDA products.  As to diligence, Plaintiffs have doggedly pursued the foreign discovery, as Defendants now concede in their Opposition.  Plaintiffs have thus shown good cause.

The crux of Defendants' attempt to shut down Plaintiffs' ongoing discovery is that their ANDAs form the outer boundary of what this Court should consider when assessing infringement. That is wrong. "[E]vidence beyond the ANDA can be relevant at times," as it is here. *Vertex Pharms. Inc. v. Sun Pharm. Indus. Ltd*., No. 20-988, D.I. 176 (D. Del. Apr. 24, 2023) (Ex. C); *see Abbott Lab'ys v. TorPharm, Inc.*, 300 F.3d 1367, 1373 (Fed. Cir. 2002); *Ferring B.V. v. Watson Lab'ys, Inc.-Fla*., 764 F.3d 1401, 1409 (Fed. Cir. 2014).  So accepted is this principle that courts in this District have compelled parties to produce non-ANDA documents relevant to infringement. *See, e.g.*, *Pharmacyclics LLC v. Sun Pharma Global FZE*, No. 18-192, D.I. 389, at 2 (D. Del. May 19, 2020) (granting motion to compel defendant to produce documents regarding the testing of the active ingredient at issue) (Ex. D).  That may be why parties in similar situations cooperate and agree to facilitate discovery from key ANDA suppliers—discovery that here Plaintiffs have had to pursue via the Hague Convention.  *See, e.g.*, *Pfizer Inc. v. Glenmark Pharms. Ltd.*, No. 19-1209, D.I. 81 (D. Del. Aug. 27, 2021) (Ex. E); *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, No. 16-905, D.I. 297 (D. Del. Aug. 2, 2018) (Ex. F).  Defendants' ANDAs do not end the inquiry in this case, and certainly do not define the metes and bounds of what Plaintiffs may seek.

Defendants also grasp at prejudice, offering a parade of horribles—all speculative and hypothetical—that supposedly counter the good cause Plaintiffs have established.  Not so.  Good cause "under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *ICU Medical, Inc. v. RyMed Techs., Inc*., 674 F. Supp. 2d 574, 577–78 (D. Del. 2009). Nonetheless, even if the Court considers prejudice, there is none.  Plaintiffs do not seek any change to any other deadline at this point; only after ████ completes its production will the parties know what, if anything, may be needed.  And even if some limited supplemental expert discovery is needed, such discovery is not uncommon in cases such as these and easily accommodated by the existing trial date and pre-trial schedule.  Nor can Defendants lean on prejudice they manufactured. For more than a year, Defendants have done nothing to facilitate a resolution between Plaintiffs and Defendants' ANDA suppliers.  Thus, any prejudice does not undermine the good cause shown.

Defendants offer *Xcoal Energy v. Bluestone Energy*, 2020 WL 5369109 (D. Del. Sept. 8, 2020), and *Dow Chemical Canda Inc. v. HRD Corp.*, 287 F.R.D. 268 (D. Del. 2012), as analogues, but neither case fits the circumstances here.  In both cases, the Court found prejudice to the non-moving party because the moving party sought to reopen discovery on the eve of, or during, trial, requiring its postponement.  Not so here.  Ample time remains for any follow-up needed.  The trial is more than seven months away, and nearly five months after the deadline Plaintiffs now seek.

The Court should grant Plaintiffs' request to extend fact discovery to December 1, 2025.

The Honorable Christopher J. Burke
September 29, 2025
Page 2

Respectfully,

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

MED/bac
Attachments

cc:     Clerk of the Court (via hand delivery; w/attachments)
        All Counsel of Record (via electronic mail;w/attachments)

# EXHIBIT C

ORAL ORDER The Court, having reviewed Plaintiff's discovery dispute motion ("Motion"), (D.I. 166), the briefing related thereto, (D.I. 159; D.I. 161; D.I. 167), and having heard argument during a hearing on April 24, 2023, hereby ORDERS that the Motion, via which Plaintiff requests that Defendants Lupin Ltd. and Lupin Pharms., Inc. ("Lupin") produce a witness to testify on eight disputed Rule 30(b)(6) topics, is GRANTED for the following reasons: (1) With regard to Topics 18-23, at a minimum, they are relevant to Plaintiff's claim that Lupin infringes the 481 patent pursuant to the doctrine of equivalents ("DOE"). To that end, Lupin claims that Plaintiff is precluded from pursuing a DOE infringement rationale on the basis of prosecution history estoppel. (D.I. 161 at 1, 2) But Lupin has made only a very minimal attempt to explain why this is so, and even if it had done more, that kind of argument is one that would be pursued at the case dispositive stage; it would not typically be a basis to prohibit discovery as to claim that is currently at issue in the case. See, e.g., Hologram USA, Inc. v. Pulse Evolution Corp., Case No. 2:14-cv-00772-GMN-NJK, 2016 WL 3353935, at *5 (D. Nev. June 10, 2016).; (2) As for Plaintiff's literal infringement allegations, it could be that at the merits stage, a court may conclude that the content of the ANDA specification here directly addresses the key infringement questions. But during the April 24, 2023 hearing, Plaintiff made a good case that Lupin's ANDA may be unclear about exactly what percentage amounts of what excipients will actually be in Lupin's ultimate product. So the Court cannot say here that the ANDA will directly address the issues of infringement. Moreover, Federal Circuit caselaw states that evidence beyond the ANDA can be relevant at times (such as testimony about how or why the drug amounts in the ANDA were settled on), and notes that in rare cases, such evidence might even be useful to contradict what are otherwise clear representations of the ANDA on a point. Abbott Lab'ys v. TorPharm. Inc., 300 F.3d 1367, 1373 (Fed. Cir. 2002). At the discovery stage, then, the Court cannot definitively conclude that inquiries into Topics 18-23 should be off limits as to literal infringement issues either.; and (3) With regard to Topics 26-27, there can be no real dispute that the topics (which relate to evaluations, opinions and the like about whether the 481 patent is infringed, valid and enforceable, or about alleged prior art to the patent) are relevant. Lupin says that these questions may impinge upon attorney-client-privileged information; if so, then the witness can be instructed not to answer as to any such questions that fit that bill.Ordered by Judge Christopher J. Burke on 4/24/2023. (dlb) (Entered: 04/24/2023)

As of April 25, 2023, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Vertex Pharmaceuticals Incorporated v. Sun Pharmaceutical Industries Limited*
1-20-cv-00988 (DDE), 4/24/2023, docket entry 176

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHARMACYCLICS LLC and | ) | |
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-192-CFC-CJB |
| | ) | CONSOLIDATED |
| SUN PHARMA GLOBAL FZE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM ORDER**</u>

At Wilmington, Delaware this **19th** day of **May, 2020**.

**WHEREAS**, the Court, having considered Plaintiffs Pharmacyclics LLC and Janssen

Biotech, Inc.'s ("Plaintiffs") discovery dispute motion ("Motion"), (D.I. 380), in which Plaintiffs

ask the Court to compel Defendant Sun Pharma Global FZE and Sun Pharmaceutical Industries

Ltd. ("Defendants" or "Sun") to search for and produce all documents relating to its

communications with Sandoz concerning ibrutinib, (D.I. 378 at 1), the parties' letter briefs

relating thereto, (D.I. 378; D.I. 382), and having heard argument on May 18, 2020;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Motion is GRANTED as

follows:

1.      It is clear that evidence relating to Sandoz's XRPD analysis of Sun's API samples

is relevant to this case. (D.I. 378 at 1) Such analysis allegedly demonstrated the presence of

crystalline Form A of ibrutinib ("Form A") in Sun's API (albeit "under stress conditions");

whether Sun's ANDA product contains Form A is a key infringement issue. (*Id.* at 1 & ex.

6). The remaining question for the Court, then, is the proper scope of discovery that Plaintiffs

should obtain with respect to this issue, keeping in mind that trial is scheduled to begin in

October 2020, and that obtaining discovery from witnesses located abroad during the COVID-19 pandemic may be challenging.

2.    The Court concludes that Sun should search for and produce all documents (a) relating to Sandoz's XRPD/analytical testing regarding ibrutinib, (b) in the possession of Rakesh Mehta, Avijit Kelkar, Kanchan Khushalani, Ketan Rathod, Mohan Prasad, Shriprakash Dwivedi and Anilkumar Jain, (c) from the timeframe 2016-2017.  These individuals seem the most likely to have relevant documents, as all are (or were) Sun employees who communicated directly with Sandoz about ibrutinib or were forwarded such communications in that timeframe.  (*See id.* at 1, 3 n.2)

3.    Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document.  Any such redacted version shall be submitted by not later than **May 22, 2020** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted).  The Court will subsequently issue a publicly-available version of its Memorandum Order.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC. and PF PRISM IMB B.V.,                    )
                                                     )
                    Plaintiffs,                      )
                                                     )     C.A. No. 19-1209 (RGA)
              v.                                     )     ███████████████████
                                                     )
GLENMARK PHARMACEUTICALS                             )     ████████████████████████████
LIMITED and GLENMARK                                 )     ████████████████████
PHARMACEUTICALS INC., USA,                           )
                                                     )     REDACTED - PUBLIC VERSION
                    Defendants.                      )

**STIPULATION AND [PROPOSED] ORDER
REGARDING DISCOVERY FROM THIRD PARTY**

WHEREAS, Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc.,
USA submitted ANDA No. 213235 ("Glenmark's ANDA") to market a generic version of Pfizer's
Inlyta® product;

WHEREAS Glenmark's ANDA identifies ███████████████████████████████

███████████████ as the API manufacturer for its ANDA Product;

WHEREAS, Plaintiffs Pfizer Inc. and PF Prism IMB B.V. (collectively, "Pfizer") moved
this Court for the issuance of a Letter of Request for International Judicial Assistance to seek
document discovery and testimony from ████, which this Court granted on May 24, 2021, D.I.
47;

WHEREAS, ████ voluntarily produced DMF No. ██████████████

WHEREAS, ████, through undersigned counsel, has agreed to voluntarily produce to
Pfizer, to the extent they exist, are located after a reasonably diligent search, and have not yet
already been produced as part of the DMF production, additional documents, and provide a witness
to testify, according to the agreement recited in paragraphs 1-8 below without formally proceeding
through the procedures established by the Hague Convention for International Judicial Assistance;

WHEREAS, Pfizer and  agree that any disputes about the scope of ███ production, as agreed-upon below, will be resolved by this Court,

NOW, THEREFORE, Pfizer and ███ stipulate and agree, subject to the approval of the Court, that:

1.      ███ will produce research and development as well as manufacturing documents for the axitinib API that is specified in Glenmark's ANDA.  Such documents will include all electronic documents containing test data regarding the polymorphic and/or amorphous form(s) of the axitinib API, including but not limited to IR, NMR, XRPD, DSC, and melting point data.  ███ will also produce documents that refer to the polymorphic and/or amorphous form(s) of the axitinib API specified in Glenmark's ANDA.

2.      To the extent not covered by paragraph 1, ███ will produce Batch records and documents regarding IR, NMR, XRPD, DSC, and melting point test data for ███ Batch Nos. ████████████████████████████████████████ further agrees that it will meet and confer with Pfizer in good faith regarding the production of any samples from API batches that are under the control or custody of ███.

3.      To the extent not covered by paragraph 1, ███ will produce documents regarding ███████████████████████ in DMF No. ███.  This will include all characterization and test data regarding ███ including but not limited to IR, NMR, XRPD, DSC, and melting point data.

4.      ███ will produce a witness who is knowledgeable on topics in Schedule B of Pfizer's Letter of Request.  *See* D.I. 46-2.[1]  The witness will be made available for a 7-hour remote

---

[1] To the extent ███ has any objections to the topics in Schedule B, the parties agree to confer regarding the scope of the topic and, if a dispute remains, submit it for the Court's resolution consistent with this stipulation.

deposition. In the event the witness requires an interpreter, ▮ agrees the duration of the deposition may exceed 7 hours. In addition, the witness will be prepared to testify to the storage and collection of ▮ documents.

5. ▮ is not required to collect documents stored only in paper form, to the extent that such documents are duplicative of documents maintained electronically and not reasonably accessible because of undue burden or cost. *See, e.g.*, Fed. R. Civ. P. 45(d)(3)((e)(1)(D). Pfizer and ▮ agree that, if there is reason to believe there are paper records that contain relevant, non-duplicative information, ▮ will consider in good faith Pfizer's request for the collection of such documents and provision of a witness to testify about them. Pfizer and ▮ further agree to share the cost to collect any such paper records, with Pfizer paying 50% and ▮ paying 50%.

6. ▮ agrees that any disputes arising from this stipulation will be resolved by this Court.

7. ▮ agrees to complete its production of documents as set forth in Paragraphs 1-3 herein, by October 31, 2021 and to provide a witness pursuant to paragraph 4 no later than February 1, 2022.

8. In reliance upon the agreements recited in Paragraphs 1-7 herein, Pfizer agrees to take no further action to pursue evidence or testimony from ▮ through its Letter of Request for International Judicial Assistance, which shall be withdrawn at the close of fact discovery on March 11, 2022. Pfizer's withdrawal of the Letter of Request shall not be deemed as a waiver of its right to seek discovery from ▮ before this Court pursuant to the provisions of this stipulation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger
_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc.*
*and PF Prism IMB B.V.*

August 26, 2021

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
_____
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for* ██████████████

SO ORDERED this ____ day of _____, 2021.


_____
United States District Judge

4

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ASTELLAS PHARMA INC., ASTELLAS          )
IRELAND CO., LTD. and ASTELLAS          )
PHARMA GLOBAL DEVELOPMENT,               )
INC.,                                    )
                                         )
              Plaintiffs,                )
                                         )
      v.                                 )    C.A. No. 16-905 (JFB) (CJB)
                                         )    CONSOLIDATED
ACTAVIS ELIZABETH LLC, et al.,           )
                                         )
              Defendants.                )

## DISCOVERY STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS SAWAI PHARMACEUTICAL CO. LTD. AND SAWAI USA, INC.

**WHEREAS** Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs") have filed a motion seeking to serve discovery on Strides Shasun, Ltd. ("Strides") and a reply brief in support thereof [D.I. 257, 273], and a Motion to Amend to add Strides as a Party and a reply brief in support thereof [D.I. 161, 210, 238];

**WHEREAS** Defendants Sawai Pharmaceutical Co. Ltd. and Sawai USA, Inc., (collectively "Sawai") have opposed those motions [D.I. 183, 225, 265];

**WHEREAS** Astellas has further served subpoenas for discovery directed to Strides Pharma, Inc. ("Strides USA") [D.I. 250 as amended at D.I. 258] and Strides USA has provided objections to the amended subpoenas on July 2, 2018;

**WHEREAS** Strides and Strides USA have authorized its counsel to enter into this stipulation to resolve these disputes while reserving all other rights; and

**WHEREAS** Astellas, Sawai, Strides and Strides USA ("the Signatories") seek to reduce costs and conserve judicial resources by entering into this stipulation:

1

**IT IS HEREBY STIPULATED AND AGREED** by the Signatories, subject to the approval of the Court, that:

1.     Strides and Strides USA will produce the documents and things requested in **Schedule A** from Strides and Strides USA on a rolling basis starting no later than **August 10, 2018** and being substantially complete by no later than **August 31, 2018**.  Strides and Strides USA need not reproduce documents already produced by Sawai in the current actions.  Strides and Strides USA also do not need to perform a comprehensive collection and/or search for email related to the Requests in Schedule A, but will produce non-duplicative, non-privileged emails from three custodians at Strides USA and one custodian at Strides that are collected after a reasonable search that are responsive to the Requests, without prejudice to Plaintiffs' right to seek emails from other custodians to the extent discovery reveals that other custodians may have relevant non-duplicative emails relating to the agreed upon topics.

2.     Strides (or alternatively Strides USA) will provide in the United States a corporate witness under Rule 45 pursuant to **Schedule B** who will be prepared to testify as to the corporate knowledge of both Strides and Strides USA regarding the Topics in Schedule B no later than **September 14, 2018**.

3.     The Signatories agree to submit any disputes that arise concerning the discovery provided pursuant to this Stipulation pursuant to Judge Burke's discovery dispute procedure and to submit to the jurisdiction of the Court solely for the purposes of the discovery provided thereunder.

4.     The fact discovery deadline is extended only with respect to the above-referenced discovery.

5.     No other deadlines in the Consolidated Actions are extended.

2

6.      Plaintiffs withdraw motions to add Strides as a party [D.I. 161, 210] ~~[Plaintiffs:~~ "**without prejudice and may only refile the motion by consent or for good cause upon leave of Court.";** ~~Defendants: "with prejudice"]~~ *ATB* Plaintiffs withdraw the motion for discovery of Strides via the Hague [D.I. 257] and the subpoenas directed to Strides Pharma, Inc. [D.I. 250 as amended at D.I. 258] and may only refile them by consent or for good cause upon leave of Court under the discovery dispute procedure referred to in paragraph three (3) above.

7.      Nothing in this stipulation shall otherwise prevent Plaintiffs from seeking discovery regarding the Admissibility and Authenticity of the documents produced by Strides or Strides USA at the deposition referred to in paragraph two (2) above or by way of stipulation or through other written discovery.

<table>
<tr><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td><td>HEYMAN ENERIO GATTUSO & HIRZEL LLP</td></tr>
<tr><td>/s/ Maryellen Noreika</td><td>/s/ Dominick T. Gattuso</td></tr>
<tr><td>Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Maryellen Noreika (#3208)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>kjacobs@mnat.com<br>mnoreika@mnat.com<br>ccucuzzella@mnat.com</td><td>Dominick T. Gattuso (#3630)<br>Aaron M. Nelson (#5941)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801<br>(302) 472-7300<br>dgattuso@hegh.com<br>anelson@hegh.com</td></tr>
<tr><td>*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*</td><td>*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc., Strides Pharma, Inc., and Strides Shasun, Ltd.*</td></tr>
</table>

OF COUNSEL:

Robert L. Baechtold
Simon D. Roberts
Scott K. Reed
Jason A. Leonard
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

OF COUNSEL:

Brian Sodikoff
Martin S. Masar III, Ph.D.
Matthew M. Holub
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW
North Tower, Suite 200
Washington, DC 20007-5118

SO ORDERED this  *2nd*  day of August, 2018.

_Christlin J. Burke_
_____
United States Magistrate Judge

4

## SCHEDULE A – CATEGORIES OF DOCUMENTS REQUESTED FROM STRIDES

### DEFINITIONS

1.      The term "the '117 patent" means United States Patent No. 7,342,117 and United States Application No. 10/494,018.

2.      The term "the '049 patent" means United States Patent No. 7,982,049 and United States Application No. 12/007,653.

3.      "ANDA" means Abbreviated New Drug Application, as used in 21 U.S.C. § 355(j) and regulations issued by the FDA pursuant thereto.

4.      "Sawai" means Sawai Pharmaceutical Co. Ltd., and Sawai USA, Inc.

5.      "Strides" means Strides Shasun, Ltd.

6.      "Strides USA" means Strides Pharma, Inc.

7.      "Stason" means Stason Pharmaceuticals, Inc.

8.      "Plaintiffs" means Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.

9.      "The ANDA" and "Sawai's ANDA" mean ANDA No. 209446, as referenced in Sawai's Notice Letter of September 12, 2016, including any amendments or supplements or communications with the FDA thereto, and including any Patent Certification(s) and Label(s) included therein.

10.     "The ANDA Product" means the final dosage form product that is the subject of ANDA No. 209446.

11.     "API" means the initial mirabegron active pharmaceutical ingredient used in Sawai's ANDA.

12.     "SDP" means the mirabegron spray-dried premix intermediate used in Sawai's ANDA.

A-1

13. "FDF" means the mirabegron coated tablet final dosage form in Sawai's ANDA.

14. "DMF" means Drug Master File as set forth in 21 C.F.R. § 314.

15. "Strides' DMF" means DMF No. 030169.

16. "FDA" means the United States Food and Drug Administration, including without limitation its employees, scientists, technicians, agents, examiners and laboratories.

17. "Manufacture" means to make, making, or the making of, whether experimentally or commercially.

18. "Mirabegron" means a compound referred to chemically as, *inter alia*, (R)-2-(2-aminothiazol-4-yl)-4'-[2-(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide, (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide, and 2-(2-aminothiazol-4-yl)-N-[4-(2-{[(2R)-2-hydroxy-2-phenylethyl]amino}ethyl)phenyl]acetamide. Mirabegron can be depicted as, inter alia, the following formula:



19. "Myrbetriq®" means the products referred to by that name, e.g., any of the products sold in the United States under NDA No. 202611.

20. "XRPD" means X-ray powder diffraction.

21. "DSC" means differential scanning calorimetry.

22. "Solid Forms" means crystalline or non-crystalline forms of mirabegron free base.

23.    "Authenticating" or "authenticity" means the authentication of evidence in accordance with Federal Rule of Evidence 901.

24.    "Admissible" or "admissibility" means admissible in accordance with Federal Rule of Evidence 803(6).

25.    The term "document" is coextensive in scope with the meaning of "document" under Rule 34 of the Federal Rules of Civil Procedure.

26.    The term "thing" means any physical specimen or other tangible item other than a document.

27.    The term "concern" or "concerning" means directly or indirectly relating or pertaining to the matter discussed.

28.    The term "communication" means the transmittal of information, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes correspondence, transmittal slips, memoranda or notes.

29.    The singular includes the plural and the plural includes the singular so that the fullest disclosure of information is achieved.

30.    For each document and thing that Strides withholds under a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, or redacts and the redacted information that would be present on a privilege log is not apparent from the face of the document, Strides will provide explanations of the basis for those claims in a form consistent with what Plaintiffs and Sawai have agreed to in this case at a time mutually agreed to by the Signatories.

31.    If Strides withholds or redacts information on the grounds that it is confidential information belonging to a non-Signatory, Strides shall promptly notify Plaintiffs that such information is being withheld.

32.    If in response to any request Strides redacts any document, all redactions and the reason for such redactions will be clearly indicated on the document at the location where the redaction has been made.

## DOCUMENTS AND THINGS REQUESTED TO BE PRODUCED FOR INSPECTION AND COPYING

1.    The complete Strides' DMF, including the closed portion.

2.    All correspondence with FDA concerning Strides' DMF and the ANDA, including but not limited to, the notification of DMF deficiency of August 24, 2017 and Strides' response of January 19, 2018, referenced at SAW-MIR 0216404.

3.    All final agreements and contracts between Strides and Sawai and/or Strides and Stason concerning Strides' DMF and the ANDA.

4.    Documents concerning Batch Nos. 15KP001B and 3MIB150002 sufficient to show how these batches were made and analyzed for Solid Forms, such as the research and development documents and records, manufacturing documents and records, specifications, stability testing, and certificates of analysis.

5.    Documents concerning XRPD and DSC analyses for samples of mirabegron API, SDP, or FDF.

6.    The lab notebooks and/or other documents sufficient to show how the samples in the chart at SAW-MIR 0225347 were made and analyzed for Solid Forms.

7.    Documents sufficient to demonstrate Strides' knowledge of Solid Forms of mirabegron.

8.    Presentations and notes from the meetings between Strides and Sawai on or around January 30, 2014 and July 30, 2014.

9.    Documents sufficient to demonstrate Strides' knowledge of Solid Forms of mirabegron relating to the Mirabegron Tablet Pharmaceutical Development Report (SAW-MIR 0002369-2563) that are not reflected in that Report.

## SCHEDULE B – SUBJECT MATTER OF WITNESS EXAMINATION OF STRIDES

### Definitions

The definitions set forth in **Schedule A** are incorporated herein by reference.

### Instructions

Strides will provide one or more individuals who are knowledgeable and competent to provide testimony about the following topics:

### Deposition Topics

1.  Strides' knowledge concerning Strides' DMF, the ANDA, the SDP, and the FDF.

2.  Strides' regulatory filings concerning Strides' DMF and the ANDA.

3.  Strides' communications with the FDA concerning Strides' DMF and the ANDA.

4.  The process used to prepare the SDP and the FDF and the Mirabegron API, the manufacturing, stability, and product specifications, the expected expiration dating of the FDF, and the expected retest dating for the Mirabegron API and the FDF.

5.  The calculations, measurements, characterizations, or analyses of the Solid Forms of Mirabegron free base known to Strides.

6.  The Authenticity and Admissibility of communications between Strides and Sawai concerning Strides' DMF, the SDP, the FDF, the ANDA, Myrbetriq®, Mirabegron, the '117, and the '049 Patents. A list of thirty (30) communications will be provided by Plaintiffs at least one (1) week before the deposition of Strides' corporate witness on this Topic provided Strides and Strides USA have completed document production by August 31, 2018.

7.      Final agreements and contracts between Strides and Sawai and/or Stason concerning Mirabegron, Strides' DMF, the SDP, the FDF, and the ANDA.