# EXHIBIT 1



WEB COPY

**IN THE HIGH COURT OF JUDICATURE AT MADRAS**

| *Reserved on: 11.11.2025* | *Delivered on:25.11.2025* |
|---|---|

CORAM

**THE HONOURABLE Dr.JUSTICE G.JAYACHANDRAN**
**and**
**THE HONOURABLE MR.JUSTICE MUMMINENI SUDHEER KUMAR**

L.P.A.Nos.17 & 18 of 2025
C.M.P.Nos.11011 of 2025 & 11017 of 2025

**L.P.A.Nos.17 & 18 of 2025**

Softgel Healthcare Private Limited,
Survey No.20/1, Kelambakkam,
Vandalur Road, B Block, Pudupakkam Village,
Chengalpattu District,
Kancheepuram, Pudupakkam,
Tamil Nadu – 603 103. ... Appellant/Respondent

**/versus/**

1. Pfizer Inc.
235 East 42nd St.
New York, NY 10017
United States of America
Represented by its Constituted Attorney
Mr.Pankaj Pahuja.

2. FoldRx Pharmaceuticals, LLC
Corporation Trust Center,

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

1209 Orange St.
Wilmington, DE 19801
United States of America
Represented by its Constituted Attorney
Mr.Pankaj Pahuja.

3. PF PRISM IMB B.V
Rivium Westlaan 142, 2909 LD
Capelle aan den IJssel,
The Netherlands
Represented by its Constituted Attorney
Mr.Pankaj Pahuja.

4. Wyeth LLC,
Corporation Trust Center,
1209 Orange St.
Wilmington, DE 19801
United States of America
Represented by its Constituted Attorney
Mr.Pankaj Pahuja. ... Respondents/Petitioners

**Prayer in L.P.A.No.17 of 2025:** Letters Patent Appeal under Clause 15 of the Letters Patent, to set aside the judgment and decree passed by the Hon'ble High Court vide order dated 28.01.2025 in O.P.(PT).No.5 of 2024 and to consequently declare that the execution of the Letters Rogatory is unwarranted and contrary to the provisions of the Indian Patents Act, 1970.

**Prayer in L.P.A.No.18 of 2025:** Letters Patent Appeal under Clause 15 of the Letters Patent, to set aside the judgment and decree passed by the Hon'ble High

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

Court vide order dated 28.01.2025 in O.P.(PT).No.6 of 2024 and to consequently declare that the execution of the Letters Rogatory is unwarranted and contrary to the provisions of the Indian Patents Act, 1970.

For Appellant in both appeals : Mr.Raghavachari, Senior Counsel, for A.K.Balaji & S.Nithya

For Respondents in both appeals : Mr.P.S.Raman, Senior Counsel, Assisted by Pravin Anand & Mr.K.Prem Chandar & Mr.Tusha Malhotra.

***

**COMMON JUDGMENT**

*Dr.G.Jayachandran, J.*
*&*
*Mummineni Sudheer Kumar, J.*

M/s.Pfizer Inc., a company incorporated in New York, USA, is the holder of the patent for the crystalline forms of TAFAMIDIS 61 mg, sold under the brand name 'VYNDAMAX' in USA. On submission of Abbreviated New Drug Applications ('ANDA') before the US Patent Office by M/s.Cipla and M/s.Hikma (formerly Zenara). Pfizer asserted that, their Patent No:9,7770,441 (441 patent), protected by United States Patent law, is under threat of

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

infringement. M/s.Ffizer filed suit Civil Action No:23-879 (GBW) (CJB) before the District Court for the District of Delaware, claiming that Cipla's submission of ANDA No:218409 and Zenara's (now Hikma's) ANDA No:21805 are before the expiry of the Pfizer Patent 441 and hence it constitutes infringement. As the plaintiff, Pfizer also asked the defendants, Dexcel Pharma Technologies Ltd and others through application for discovery disclosure of information. M/s.Cipla and M/s.Zenara (now Hikma) disclosed the names of the Indian Companies as third party contractors and manufacturers of their ANDA products.

**2.** The United States District Court at Delaware referring on the Hague Convention, 1970, issued Letters Rogatory on 13.05.2024 requesting the Indian Courts to obtain deposition and documents from the Indian manufacturing Company, M/s.Softgel Health Care Private Limited having its manufacturing unit within the territorial jurisdiction of Madras High Court. As a consequence and follow up, Pfizer Incorporation along with three others filed joint petition before this Court as Intellectual Property disputes in O.P.(PT).Nos.5 & 6 of

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

**3.** The relief sought in these applications are:-

*i) An order appointing a Local Commissioner, preferably a senior person having good knowledge in the field of Chemistry such as a retired Professor or a District Judge for collection of evidence, documents (as mentioned in Clause 11 and Schedule A to the Letters Rogatory) as well as for obtaining and recording the testimony (as mentioned in Clause 10 and Schedule B to the Letters Rogatory) from the Respondent and its authorized representatives whose details are given in Clause 9 of the Letters Rogatory; and*

*ii) An order conferring 'Special Powers' on the aforesaid Commissioner including the power to summon the person or persons including corporations and/or their authorized representatives to produce documents and things; the power to accept copies of the said documents and things; the power to summon person or persons including corporations and/or their authorized representatives, to administer oath to them and to record*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*their evidence; the power to allow the Petitioners' and the Respondent's respective Indian counsel the opportunity to examine or cross-examine the aforesaid witnesses; the power to permit the Petitioners' and the Respondent's respective foreign representatives to attend and observe the examination of said person or persons including corporations and/or their authorized representative; the power to record the testimony of the said person or persons including corporations and/or their authorized representative; the power to have the said recording transcribed verbatim; and the power to provide, both the documents and recording and the transcript to the Petitioners' and the Respondent's respective representatives, their respective Indian Counsel, and*

*iii) An order setting up a Confidentiality Club consisting of the persons stated in paragraph 12 and on the lines stated as stated in paragraph 13 of the instant petitions; and*

*iv) An order to conduct the further proceedings before this Court as well as before the Local Commissioner in camera with only the members of the 'Confidentiality Club' being present; and*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*v) An order directing the officials of the Registry of this Court as well as the Commissioner to keep all the documents and records pertaining to these petitions or the matters arising there from including the evidence collected by the Commissioner in a sealed cover and allow access to the said documents only to the members of the aforesaid Confidentiality Club; and*

*vi) An order directing the said Commissioner to send the evidence/documents collected and the testimony recorded to the United States District Court for the District of Delaware in a sealed cover*

**4.** M/s.Softgel Healthcare Pvt Ltd., as respondent contested these petition stating that they are not parties to the proceedings before the United State District Court at Delaware, which has issued the Letters Rogatory. The order of the District Court of Delaware is prejudicial to their interest and it is against their privilege and right to confidentiality. The Letters Rogatory are limited to the parties to the proceedings and no fishing expedition in the guise of evidence collection be permitted through the assistance of the Court. Hague Convention does not enable the Court to grant an omnibus relief as prayed for in the

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

petitions and no International convention can have an overriding effect on the domestic laws. The patent application filed by the petitioner in India (namely Pfizer) pertaining to a similar invention as claimed before United States District Court at Delaware, was refused by the Indian Patent Authorities. While so, the attempt of the petitioner to make a roving enquiry under the guise of "Letters Rogatory" is impermissible both under the Domestic laws as well and even under the Hague Convention.

**5.** The Learned Single Judge, after considering the rival submissions, allowed the applications observing that M/s.Softgel Healthcare Private Limited is not a stranger to the dispute. It is having contractual relationship with *'Cipla'* and *'Zenara'* pertaining to manufacture and sale of Special drug, which are manufactured and sold by *'Zenara' and 'Cipla'*, who are defendants in the suit filed by Pfizer before the United States District Court at Delaware. The Court, while considering the Order XXVI, Rule 19-22, read with Section 78 of Code of Civil Procedure, 1908, empowers the High Court to issue order for examining witnesses. Rule 19 of Order XXVI, has to be liberally construed and the High

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

Court may issue a commission to obtain both oral as well as documentary evidence. With the above observation, a confidentiality club consisting of representatives for the petitioners and respondents and a Commissioner having technical expertise to oversee the process was constituted vide the common order dated 28.01.2025 in O.P(PT).Nos.5 & 6 of 2025.

**6.** Being aggrieved by the common order passed by the Learned Single Judge, the respondent/Appellant had filed the subject appeals on the ground that:-

(i) The appellant being included in the proceedings without any justification.

(ii) The provisions of Hague Convention as well as Domestic Laws been misinterpreted by the Learned Single Judge.

(iii) If the impugned order is allowed to be given effect, there will be gross violation of confidentiality and business interest.

(iv) The Letters Rogatory against a non-party to the original litigation pending before the District Court at Delaware is not sustainable.

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

(v) The information sought pertains to sensitive and confidential matters, protected under the TRIPS Agreement.

(vi) Enforcing the Letters Rogatory without specificity of naming witness and documents will be in violation of the domestic law. Particularly, after the Indian Patent Office rejecting Pfizer's patent Application No:20171005783 for the drug 'VYNDAMAX, if Letters Rogatory is entertained, it will undermine the domestic law.

(vii) International Judicial Assistance sought by Pfizer without exhausting the remedy to collect the informations required from the defendants against whom infringement is alleged. Third party right being intruded through this order for fishing evidence.

(viii) Article 23 of the Hague Convention permits signatory States to refuse pre-trial discovery request. Republic of India had exercised this right. Hence, the letter of request emanated from the District Court at Delaware in a pending litigation for infringement action, cannot be entertained by the Indian

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

Courts against its sovereignty.

**7.** Mr.V.Raghavachari, the Learned Senior Counsel appearing for the appellant herein M/s.Softgel Health Care Private Limited contended that the respondents herein having failed to get patent in India, by instituting suit in United States District Court of Delaware, trying to make a roving enquiry through the Letters Rogatory which are unspecific, wide and omnibus in nature. Evidence is sought to probe and collect anything available with the appellant. If the Letters Rogatory is allowed, it will be in violation of Indian Domestic law.

**8.** The Learned Senior counsel further submitted that the Indian Patent Office had rejected the respondents patent application for the drug 'VYNDAMAX'. This rejection undermines the validity of the respondents' claim within the Territory of India. The refusal of Patent in India negates the respondents rights to enforce patent rights in India. Letters Rogatory issued for the enforcement of patent rights at United States is not enforceable in India

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

when the respondents right of patent expressly rejected under the law of the requested Country.

**9.** The respondents request for international judicial assistance should have emanated out of legal necessity and only after exhausting the available remedies within the jurisdiction of the United States District Court, Delaware, by seeking production of necessary documents from the respondents, namely *'Cipla' and 'Zenara'*. Instead, Letters Rogatory against third party by abuse of process of law is wholly inappropriate. The appointment of an Advocate Commissioner, contrary to the request to appoint experts in Chemistry and Pharmaceuticals had resulted in procedural unfairness. The impugned order effectively enables a fishing expedition by the respondents, compelling the appellant to disclose proprietary and confidential information without sufficient safeguard ought to have declined by the Learned Judge by holding such an order is contrary to the principles of fairness and proportionality required under Article 23 of the Hague Convention.

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

**10.** The Learned Senior Counsel appearing for the appellants also submitted that the Government of India had opted by notification the restriction under Article 23 of the Hague Convention. Therefore, the appellants cannot be compelled to disclose informations in the nature pre-trial evidence.

**11.** Per contra, the Learned Senior Counsel Mr.P.S.Raman, appearing for the respondents M/s.Pfizer submitted that enforcement of Letters Rogatory issued by the Foreign Court is well-recognised in our Country by Statute as judicial pronouncement. Order XXVI, Rule 19 of C.P.C., 1908, specifically provides for the issuance of Commission for the enforcement of foreign Court "Letters Rogatory".

**12.** The Learned Senior Counsel Mr.P.S.Raman relied on the judgments rendered by Indian Courts to substantiate his plea that Letters Rogatory issued by a Foreign Court in a proceedings between two different parties can be

HIGH COURT OF JUDICATURE MADRAS
सत्यमेव जयते
WEB COPY

enforced in India as against a party not in the original proceedings. He submitted that a Commissioner can be sought to examine witnesses since there is sufficient statutory authority in the Code of Civil Procedure to entertain such applications. The order of Learned Single Judge allowing the applications of the respondents is well within the parameters prescribed under the Hague Convention, the Code of Civil Procedure and Law governing Patent disputes but domestic and foreign.

**13.** He further submitted that enough safeguard is provided in the impugned order, wherein the confidentiality club is authorised to identify the documents which are required for the trial in the Foreign Court and they have all prerogative to decline documents which are not within the purview of the litigations. In Patent law, the right of secrecy is not a defence when the patent/design and process itself is under challenge. However, through the confidentiality club, consisting of expertise nominated on either side, the privacy of the information is preserved and if any breach committed, the

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

members of the confidentiality club will be held responsible. Therefore, the appellant need not have any apprehension regarding the protection of privacy and confidentiality.

**14.** Referring to the judgment of the Telangana High Court arising out of a similar kind of petition filed by M/s.Pfizer, the Learned Senior Counsel for the respondents submitted that, even in Telangana Case, the respondent therein was not a party to the patent proceedings. However, the Letters Rogatory against third party for appointing Commissioner for examining witnesses was upheld by the Telangana High Court.

**Point for consideration:-**

*Whether the order passed by the Learned Single Judge is contrary to the Domestic law in India and the provisions of Hague Convention?*

**15.** India is a signatory to the Hague Convention. However, it is

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

submitted by the Learned Senior Counsel appearing for the appellant that the Government of India had reserved Articles 4, 8, 16, 17, 18 & 23 of Hague Convention from being notified. As a result, the Republic of India need not execute the Letters of Request, issued in pursuance of Article 23 of the Convention, for the purpose of obtaining pre-trial discovery of documents or documents which requires a person to produce any documents other than particular documents specified in the Letter of Request, which are likely to be in his possession, custody or power.

**16.** Referring to the Letters Rogatory and the Common Order passed by the Learned Single Judge pursuant to the Letters Rogatory issued by the United States District Court, Delaware, the Learned Senior Counsel Mr.V.Raghavachari submitted that the request for production of documents or examination of witness is not specific, but vague and ambiguous. Appointing members of confidentiality club will not prevent the respondents from misusing the order.

WEB COPY

**17.** In response as reply, Mr.P.S.Raman, the Learned Senior Counsel appearing for the respondents submitted that the members of the confidentiality club are responsible of the non-disclosure. Furthermore, he contends that there is no violation of Article 23 of Hague convention in enforcing the Letters Rogatory. In any event, the respondents are ready to give a specific undertaking that there shall be no infraction of Article 3 of Hague Convention, which will sufficiently safeguard the interests of the appellant herein.

**18.** The Learned Senior Counsel for the respondents reiterated that the documents sought under the Letters Rogatory are not unspecified documents, as contended by the Learned Counsel for the appellant. Those documents are very much specific with the descriptions of the document.

**19.** To verify whether the documents sought under the Letters Rogatory is unspecific and omnibus, the documents shown in the Appendix-I of the

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

application in the redacted version seeking Letters Rogatory, need to be examined.

**20.** The documents sought from M/s.Softgel Healthcare Private Limited:-

*1. All documents and electronically stored information that refer or relate to testing and development of the tafamidis API or Cipla's ANDA Product, including any underlying data files.*

*2. All documents and electronically stored information that refer or relate to any intermediates produced during manufacture of Cipla's ANDA Product.*

*3. Documents sufficient to show how Cipla's ANDA Product is manufactured.*

*4. All documents that refer or relate to polymorphism of the tafamidis API or Cipla's AHDA Product, or their intermediates or precursors thereof, including any comparison between different polymorphic forms of tafamidis.*

*5. All documents and electronically stored*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*information that refer or relate to the presence or absence of X-ray powder diffraction peaks in the tafamidis API or Cipla's ANDA Product, including any underlying data files from testing, and including batches*

*6. All documents and electronically stored information that refer or relate to the presence or absence of solid state nuclear magnetic resonance shifts in the tafemidis API or Cipla's ANDA Product, including any underlying data files from testing, and including batches*

*7. All documents and electronically stored information that refer or relate to the presence or absence of Raman spectroscopy shift peaks in the tafamidis APT or Cipla's ANDA Product, including any underlying data files from testing, and including batches*

*8. All documents and electronically stored information that refer or relate to the presence or absence of polymorphic forms of the tafamidis APl or Cipla's AIMDA Product, including but not limited to polymorphic Form I disclosed in the 441 patent.*

*9. All documents and electronically stored information that refer or relate to polymorphic conversion into or out of Form I of tafamidis disclosed in the 441 patent.*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*10. All communications between you and Cipla that refer or relate to the polymorphic forms of tafamidis, including any testing performed on the tafamidis API or Cipla's ANDA Product.*

*11. All documents and electronically stored information that refer or relate to the 441 patent.*

*12. Any further document deemed necessary upon receipt and perusal, of the documents discovered through the present proceedings.*

**21.** In the application filed before the United States District Court at Delaware by *Pfizer Incorporation*, the defendants are *Dexcel Pharma Technologies Ltd and others*. *Cipla Limited,* Mumbai is shown as one of the defendants in one application and *Zenara Pharma Private Limited,* Hyberabad is shown as defendant in another application.

**22.** Appendix-I contains the categories of documents requested with its definitions in Schedule-A and the subject matter for testimony with its

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

definition in Schedule-B.

(i) Article 3 of Hague Convention enumerates the conditions and content of a Letter of Request, and it reads as below:-

> *a) The authority requesting its execution and the authority requested to execute it, if known to the requesting authority;*
>
> *b) The names and addresses of the parties to the proceedings and their representatives, if any;*
>
> *c) The nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;*
>
> *d) The evidence to be obtained or other judicial act to be performed.*
>
> *Where appropriate, the Letter shall specify, inter alia -*
>
> *e) the names and addresses of the persons to be examined;*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

*f) The questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;*

*g) The documents or other property, real or personal, to be inspected;*

*h) Any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;*

*i) any special method or procedure to be followed under Article 9.*

(ii) Article 11 of Hague Convention specifics under what circumstances, a person can refuse to give evidence, which reads as below:-

*In the execution of a Letter of Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence*

*a) Under the law of the State of execution; or*

*b) Under the law of the State of origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

(iii) Article 12 of Hague Convention enumerates the circumstances under which execution of a Letter of Request may be refused.

*The execution of a Letter of Request may be refused only to the extent that:-*

*a) in the State of execution the execution of the Letter does not fall within the functions of the judiciary; or*

*b) the State addressed considers that its sovereignty or security would be prejudiced thereby.*

(iv) In addition to above, Article 23 of Hague Convention gives right to the contracting state not to execute the Letter of Request issued for the purpose of obtaining pre-trial discovery of documents and same reads as below:-

*"A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries."*

WEB COPY

**23.** The Learned Senior Counsel appearing for the appellant brought to the notice of this Court that Republic of India has declared that it will not execute Letter of Request issued in pursuant to Article 23 of Hague Convention for the purpose of obtaining pre-trial discovery of documents. Thus, it is very clear apart from restrictions under the Articles 11 & 12 of Hague Convention mentioned above, the declaration of this Country not to execute Letter of Request for the purpose of obtaining pre-trial discovery of documents under Article 23 also mandates the Courts careful scrutiny to the Letters Rogatory received for execution and orders cannot be passed as a matter of routine

**24.** We have no second opinion that, domestic law permits honouring the request for documents by a Foreign Court. However such reciprocal obligation is subject to conditions, as provided under Articles 11 and 12 of the Hague Convention as well as Article 23 and the notification issued by Indian Government.

**25.** ***M/s.Wooster Products Inc., vs. M/s.Magna Tek Inc and others,*** a

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

judgment of Delhi High Court is invariable quoted in other judgments. In this case, the Delhi High Court has said,

> *"I must say that it would be difficult to accept or subscribe to the proposition raised by the learned counsel for the intervener on the force of these rulings, inasmuch as the letter of request received in this court has to be disposed of in the light of law applicable to this court and not in accordance with English Law. The question of relevance has to be decided not in accordance with Indian Law but law of the Foreign Court where civil proceedings are pending and it would be beyond jurisdiction of this court to adjudicate upon the question of relevance of the said documents. This court would not go behind the letter of request and enter upon an inquiry as to the jurisdiction of issuance of letter of request which has to be accepted and executed owing to reciprocity between two sovereign countries. The above mentioned provisions of law do not confer any power upon this court to go into this proprietary (propriety) of the letter of request or the questions of relevance or admissibility of the evidence. These questions of relevance and admissibility have had to*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*be considered by the Court issuing the letter of request and the very fact that the letter of request has been issued implies that it has been issued after taking into account the question of relevance and admissibility as well by the foreign court. This Court would not sit in appeal over the orders of foreign court on this aspect of the matter. Even accepting for the sake of arguments that the question of relevance has to be considered by this Court even then it would be difficult to say that the documents which are sought to be got produced through the letter of request are not relevant. The suit of the petitioner is for the recovery of damages for breach of contract on the plea that the respondent in that suit has committed breach of agreement with the petitioner and has entered into a contract for the same purpose with the intervener, Certainly the terms of contract between the respondent in that suit and intervener before this court would be relevant for the purposes of arriving at the quantum of damages by the foreign court in the suit pending before it and as such it cannot be said that the documents sought to be got produced by the commission would not be relevant. The intervener has no right to claim privilege about the documents which are sought to be got produced before the Local Commissioner in pursuance of the letter of request.*



*Only persons who can claim privilege in respect thereof are the respective witnesses who are required to produce documents and for that reason as well I find no substance in the request of the intervener."(Emphasis added)*

**26.** Thus, in this oft-quoted judgment while weighing the right of third party intervenor qua witness, the Court has recognised the right of witness to refuse.

**27.** The judgments referred by Mr.P.S.Raman, the Learned Senior Counsel no doubt emphasis if there is no other legal impediment in enforcement of Letters Rogatory by the Indian Courts, same to be executed. However, on perusal of those judgments in most of it, we find that the Courts which permitted the execution of Letters Rogatory issued by Foreign Courts for the appointment of Commissioner and collection of documents had no opportunity to consider the fact that Republic of India had exercised its right under Article

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

23 of Hague Convention and had notified that it will not execute Letters of Request except it is not in the nature of collecting pre-trial evidence.

**28.** Occasion to discuss Article 23 of Hague Convention and the Republic of India notification of the Government of India had arose in ***Upaid Systems Limited vs. Satyam Computer Services and Another*** *reported in* ***2009 SCC Online Del 2006,*** in which the Delhi High Court has said:

> *"**15.** It had been argued, at one stage that the letter of request explicitly refers to the Convention, to which India is a signatory, with express declaration, and, consequently, the court cannot give effect to it. The court finds this argument insubstantial. As observed earlier, so long as there is an enabling power in Indian law to give effect to letters of request issued by foreign courts, the fact that the foreign court refers to a convention to which India is a limited signatory is not relevant, or determinative of the question. Accepting Satyam's contention in fact would result in this Court giving effect to a treaty declaration,*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



WEB COPY

*which finds no expression in enacted Indian law, contrary to the ruling of the Supreme Court. So long as there is power to appoint a commissioner, as facially, Order 26, Rule 19 undoubtedly establishes, that a treaty is not made the subject of a special law would not constitute a fetter on such power of the court, to issue letters of request.*

***16.*** *.....*

***17.*** *A textual reading of Order 26, Rule 19 would reveal that the domestic court, in India, upon receiving a request from a foreign court for assistance ("request") has to satisfy itself about three conditions, i.e. that the proceeding is in the foreign court; it is a "civil" (as opposed to a criminal proceeding) proceeding and; that the witness whose deposition is sought lives within its jurisdiction. The question is whether the mention of few provisions (Rule 6, 15, 16-A (1); 17; 18(1) and 18-A(1)) and omission to refer to Rule 16 has any significance, since the last rule expressly empowers a local commissioner to call for relevant documents."*

**29.** With due respect of their Lordship, execution of a Letter of Request made by Foreign Court <u>not only need to satisfy the three conditions enumerated</u>

WEB COPY

under Order XXVI, Rule 19 of C.P.C., but necessarily be satisfied before executing the Letters Rogatory that recording of evidence does not prejudice the sovereignty of the Country. In the spirit of preserving comity among nations, sovereignty of the Country cannot be put to back burners. *(Emphasis added)*

**30.** Admittedly, the appellant, *M/s.Softgel Healthcare Private Limited,* is manufacturer of the subject drug. The case of the respondents is that the drug manufactured by the appellant in infringement of its Patent 441 is procured by *Cipla* and *Zenara Pharma Private Limited* and marketed in the United States. The specific case of Pfizer is that the submission of ANDA by *'Cipla'* and *'Zenara'* is prior to the expiry of its Patent 441.

**31.** We are given to understand for the said drug patent application by Pfizer refused by the Indian Patent Office. The attempt of *Pfizer Incorporation* to get patent in India for the said drug failed and appeal against rejection of the patent is pending. At this juncture, *Pfizer Incorporation* has come with the

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

request to execute the Letters Rogatory pursuant to the order in a patent litigation at District of Delaware in United States against *Cipla Limited* and *Zenara Pharma Private Limited*.

**32.** M/s.Softgel Healthcare Private Limited, the appellant herein, is not a party to the proceedings pending in the District Court at Delaware. It is the case of the Pfizer Incorporation, that they sought production of the documents from *'Cipla'* and *'Zenara'* respectively in the pending proceedings before District Court at Delaware. They denied possession of the documents, stating that the appellant herein, who is the manufacturer have the possession of documents. The nature of litigation in the Court at USA and the appeal pending in India are factually inter linked. The list of documents, with redactions, found in Appendix – I and extracted above, apparently in the nature of procuring pre-trial documents. There is civil suit pending in US between *Pfizer Incorporation*/the respondents on one side and *'Cipla Limited'* & *'Zenara Pharma Pvt Limited'* and other Indian Pharmaceutical Companies on the other side. There is also appeal

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

by *Pfizer Incorporation* against rejection of Patent for the same drug is pending in India. In such circumstances, this appellant who is neither a party before the United State District Court, Delaware, nor connected with any trade of respondents, cannot be forced to part away documents when there is a potential threat to the appellant's registered Indian Patent. Hence, we are of the opinion that there cannot be any enforcement of Letters Rogatory in exercise of powers under Order XXVI, Rules 19-22 read with Section 78 of C.P.C., since the Letter Rogatory issued by District Court at Delaware is not in conformity to Article 3 of the Hague Convention. Besides, M/s.Softgel have the right to refuse to give evidence on the ground it will prejudice the sovereignty.

**33.** In the case in hand, the Letter of Request which has emanated from *Pfizer Incorporation,* through an order of Foreign Court is in respect of documents pending litigation both in India and in USA. It is is undoubtedly an attempt to collect pre-trial documents. When the Government of India has declared that it will not execute Letters of Request in respect of pre-trial

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

WEB COPY

document, the Learned Single Judge, has allowed the petitions without consideration the rights exercised by the Republic of India. Thus, the order allowing the application goes contrary to law. Therefore, requires interference.

**34.** Hence, we hold, the Letters Rogatory is vague, without any specificity as required under Article 3 of the Hague Convention. The appellant have a right to refuse to give evidence exercising right under Article 11 of the Hague Convention. The privilege to refuse also arises from Article 23 read with the notification of the Government of India which excludes execution of Letter of Rogatory in respect of pre-trial discovery of documents.

**35.** As a result of the discussion and conclusive, L.P.A.Nos.17 & 18 of 2025 are allowed. The judgment and decree passed in O.P.(PT).No.5 & 6 of 2024, dated 28.01.2025 are hereby set aside. The applications filed by the respondents for the issuance of Commission as per the Letters Rogatory issued by the United States District Court, Delaware stands dismissed. Consequently,



WEB COPY

LPA.Nos.17 & 18 of 2025 & C.M.P.Nos.11011 of 2025 & 11017 of 2025

connected Miscellaneous Petitions closed. No costs.

**(Dr.G.J, J.) & (M.S.K, J.)**
**25.11.2025**

Index :Yes/No.
Neutral Citation :Yes/No.
Internet :Yes.
bsm
To,
1. The Section Officer, V.R.Section, High Court, Madras.

*Page Nos.34/36*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )

HIGH COURT OF JUDICATURE MADRAS
सत्यमेव जयते

WEB COPY

LPA.Nos.17 & 18 of 2025 & C.M.P.Nos.11011 of 2025 & 11017 of 2025

**Dr.G.JAYACHANDRAN, J.**

**&**

**MUMMINENI SUDHEER KUMAR, J.**

bsm

Pre-delivery common judgment made in
L.P.A.Nos.17 & 18 of 2025

*Page Nos.35/36*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )



सत्यमेव जयते
WEB COPY

LPA.Nos.17 & 18 of 2025 & C.M.P.Nos.11011 of 2025 & 11017 of 2025

**25.11.2025**

*Page Nos.36/36*

https://www.mhc.tn.gov.in/judis ( Uploaded on: 25/11/2025 07:22:08 pm )