# HEYMAN ENERIO GATTUSO & HIRZEL LLP

222 Delaware Avenue • Suite 900 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • www.hegh.law

DD: (302) 472-7311
Email: dgattuso@hegh.law

February 2, 2026

**VIA CM-ECF**
The Honorable Gregory B. Williams
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

    RE:   *Pfizer Inc. et al v. Dexcel Pharma Technologies Limited, et al.*
             C.A. No. 23-879-GBW-CJB

Dear Judge Williams:

    Defendants Hikma Pharmaceuticals USA Inc., Cipla Limited, Dexcel Pharma Technologies Ltd and Aurobindo Pharma Limited jointly approach this Court to respectfully request additional trial days in the above-captioned matter.

    A five-day bench trial is scheduled to begin in this consolidated action on April 27, 2026. Plaintiffs have asserted three patents in this consolidated action. However, Plaintiffs have not asserted the same patents against each Defendant. Specifically, Plaintiffs have asserted US Patent No. 7,214,696 ("the '696 patent") and US Patent No. 7,214,695 ("the '695 patent") (both related to chemical compounds including tafamidis) only against Dexcel and Aurobindo. Plaintiffs have asserted US Patent No. 9,770,441 ("the '411 patent," related to crystalline forms of tafamidis) only against Hikma, Cipla and Dexcel. Dexcel and Aurobindo stipulated to infringement of the '695 and the '696 patents and Dexcel stipulated to infringement of the '441 patent. However, Hikma and Cipla have separate non-infringement defenses against the '441 patent with respect to each of their ANDA products.



The Honorable Gregory B. Williams
January 29, 2026
Page 2

All Defendants are maintaining different invalidity defenses against each of the patents in suit, including invalidity of the '695 and '696 patents under 35 U.S.C. s. 102 and s. 103, and invalidity of the '441 patent under 35 U.S.C. s. 103 and s. 112. Defendants anticipate that the parties will present approximately fifteen (15) expert witnesses and eight (8) fact witnesses (live or by deposition) at trial, though we are still preparing the pretrial order. Plaintiffs have not narrowed the asserted claims since serving their final infringement contentions against Defendants and have not indicated that they will narrow the asserted claims prior to trial. Regardless, a reduction in the asserted claims will not significantly reduce the anticipated expert testimony at trial. Due to the nature of the asserted claims, most limitations will need to be addressed even if Plaintiffs dropped all but the narrowest two or three claims. Given the foregoing, Defendants believe that two additional days will be needed for trial.

On January 20, 2026, the parties met and conferred to discuss this issue. Plaintiffs are not joining Defendants' request. However, Plaintiffs do not oppose Defendants' request for two additional trial days provided the additional days can be effectuated contiguously with the currently scheduled trial (i.e., on consecutive days immediately following the fifth day of trial). Cipla and Hikma are willing to accept later dates for their infringement cases, but Plaintiffs have indicated that they would oppose separating the trial segments.

The parties are available for a status teleconference should the Court prefer to discuss this issue. We thank the Court for your consideration of this request.

Very truly yours,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

DTG/mas

cc: All Counsel of Record (via electronic mail)