# HEYMAN ENERIO GATTUSO & HIRZEL LLP

222 Delaware Avenue • Suite 900 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • www.hegh.law

DD: (302) 472-7311
Email:  dgattuso@hegh.law

February 17, 2026

**VIA CM-ECF**
The Honorable Gregory B. Williams
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Original Version Filed: February 17, 2026
Public Version Filed: February 24, 2026

RE:   *Pfizer Inc. et al v. Dexcel Pharma Technologies Limited, et al.*
        C.A. No. 23-879-GBW-CJB

Dear Judge Williams:

Defendant Hikma Pharmaceuticals USA Inc. ("Hikma") writes to advise the Court of a Protective Order violation by Plaintiffs Pfizer Inc. and FoldRX's ("Plaintiffs" or "Pfizer") and their expert Dr. Adam Matzger, involving the disclosure of Hikma's highly confidential, trade secret information to Cipla Limited ("Cipla") a competitor of Hikma and co-Defendant in this action.

On December 19, 2025, Plaintiffs' counsel informed Hikma's counsel that Pfizer's infringement expert, Dr. Matzger, had included confidential, information concerning Hikma's tafamidis active drug substance ("API") in his expert report directed to Cipla, not Hikma.  Specifically, Dr. Matzger inserted a chart containing X-ray Powder Diffraction ("XRPD") data obtained from his analysis of Hikma's API in his expert report produced to Cipla.  In doing so, Dr. Matzger informed Cipla about the XRPD characteristics of the crystalline form of Hikma's API, which is highly sensitive, trade secret information and forms a basis for Hikma's non-infringement position in this case.  Pfizer later informed Hikma that Dr. Matzger inadvertently violated the Protective Order (D.I. 32) and that, following discovery



The Honorable Gregory B. Williams
February 17, 2026
Page 2

of the violation, Pfizer obtained signed undertakings from Cipla's counsel and experts who had received Hikma's highly confidential, trade secret information.

Hikma subsequently investigated Dr. Matzger's violation as permitted by Paragraph 19 of the Protective Order. Hikma learned that, in addition to Cipla's outside counsel and experts, two of Cipla's Intellectual Property Managers received Hikma's confidential information. As a result of the parties' negotiations at the outset of the case, the Protective Order expressly prohibits one Defendant's corporate representatives from seeing the highly confidential, trade secret information of another defendant. D.I. 32, at ¶ 17. On January 30, Hikma deposed Dr. Matzger concerning his violation of the Protective Order. From his testimony, it is evident that Dr. Matzger exhibited a significant degree of recklessness in his handling of Hikma's highly confidential, trade secret information. Dr. Matzger also exhibited willful ignorance of his obligations under the Protective Order.

Pfizer's characterization of Dr. Matzger's disclosure of Hikma's highly confidential, trade secret information to Cipla as inadvertent, does not absolve Pfizer or Dr. Matzger for the harm to Hikma stemming from Dr. Matzger's reckless actions. Indeed, Dr. Matzger's reckless disclosure of Hikma's trade secret information to Cipla, a direct competitor, is a clear violation of the Protective Order that, in and of itself, harmed Hikma. *See, e.g., Oakwood Laboratories LLC v. Thanoo*, 999 F.3d 892, 914 (3d. Cir. 2021) (holding that loss of exclusive use of trade secret information is a real and redressable harm). Further, the information disclosed (i.e., the XRPD data) improperly revealed Hikma's non-infringement position to two Cipla decision makers. Because of Dr. Matzger's reckless actions, Hikma has lost control over its trade secret information, and Cipla – the only other defendant with a non-infringement defense in this litigation – now knows critical facts about the strength of Hikma's non-infringement position. Cipla's decision-makers cannot un-learn the trade secret information they improperly received from Pfizer and Dr. Matzger; that knowledge could unintentionally influence their strategic decision-making with respect to any future settlement with Pfizer or other business decisions to Hikma's detriment.

Paragraph 19 of the Protective Order expressly provides that the wronged



The Honorable Gregory B. Williams
February 17, 2026
Page 3

party may seek relief from the Court for the violation even if the disclosing party has complied with the requirements of the paragraph regarding inadvertent disclosure. As noted above, Hikma has already suffered harm from Pfizer and Dr. Matzger's Protective Order violation and has also incurred attorneys' fees in its investigation of that violation. But Hikma may yet incur significant additional harm should Cipla take certain actions that it would not have otherwise pursued were it not for Pfizer's and Dr. Matzger's Protective Order violation.

Rather than engage in successive motion practice on this issue, Hikma respectfully requests that it be permitted to bring any motion for damages and attorneys' fees concerning Pfizer's and Dr. Matzger's Protective Order violation when the full scope of the harm perpetuated on Hikma becomes apparent. Hikma and Pfizer have met and conferred by phone and email regarding the foregoing, and Pfizer does not agree.

Hikma is available at the convenience of the Court should Your Honor have further questions. We thank the Court for your consideration of this request.

Very truly yours,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

DTG/mas

cc: All Counsel of Record (via electronic mail)