# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

**Megan E. Dellinger**
(302) 351-9366
mdellinger@morrisnichols.com

Originally Filed: February 18, 2026
Redacted Version Filed: February 25, 2025

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 North King Street, Room 6124, Unit 26
Wilmington, DE 19801-3555

*VIA ELECTRONIC FILING*

REDACTED - PUBLIC VERSION

Re: *Pfizer Inc., et. Al. v. Dexcel Pharma Techs. Ltd., et. al.*,
C.A. No. 23-879-GBW-CJB (Consolidated)

Dear Judge Williams:

We write on behalf of Plaintiffs in response to the letter sent to Your Honor by counsel for Defendant Hikma Pharmaceuticals USA, Inc., D.I. 294, styled (incorrectly) as describing a "Protective Order violation."

Plaintiffs strongly disagree with Hikma's incomplete and inaccurate recitation of the relevant events. While Hikma omits much from its letter – for example, that the inadvertent disclosure at issue involved a single figure in a single reply expert report, and that Hikma itself has *voluntarily* provided Cipla with expansive amounts of (supposedly) confidential information similar in kind to that at issue here – Plaintiffs will not waste the Court's time cataloging, and responding to, all of the letter's inaccuracies and omissions. Instead, Plaintiffs offer three brief points for the Court's consideration.

*First*, there is no dispute that Plaintiffs have, from the moment they first learned of the potential inadvertent disclosure, complied fully with the requirements and procedures set forth in Your Honor's Protective Order. Plaintiffs immediately provided notice to both parties, and requested that the recipient Cipla sequester and destroy the information, which they have done. Hikma has never suggested otherwise.

*Second*, since the inadvertent disclosure more than two months ago, Hikma has never once identified any harm with particularity or facts. Hikma has refused to provide *any* facts in response to Plaintiffs' repeated requests to substantiate the supposed harm. At the same time, Hikma has refused to provide further information about its own dissemination to Cipla of scans relating to its

The Honorable Gregory B. Williams
February 18, 2026
Page 2

product (what it for the first time here calls "trade secrets").  Hikma's refusal to provide such basic information shows Hikma's rhetoric far exceeds the facts.

*Finally*, Hikma's letter should be seen for what it is: an improper attempt to sully Plaintiffs and their expert ahead of trial.  With its letter, Hikma seeks no relief, instead burdening Your Honor (not Judge Burke, to whom the case is referred for such discovery matters), with a letter that only speculates about possible future motions practice.  Hikma has rushed to Court to try to gain tactical advantage heading into April's trial in this matter in which Dr. Matzger will establish Hikma's infringement of Pfizer's patent.  The letter is improper, and Pfizer respectfully reserves all rights.

Respectfully,

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

MED/rah

cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record for Hikma Defendants (via electronic mail)