# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

302 658 9200
302 658 3989 Fax

Megan E. Dellinger
(302) 351-9366
mdellinger@morrisnichols.com

April 2, 2026

The Honorable Gregory B. Williams                              *VIA ELECTRONIC FILING*
J. Caleb Boggs Federal Building
844 North King Street, Room 6124, Unit 26
Wilmington, DE  19801-3555

Re:    *Pfizer Inc., et. al. v. Dexcel Pharma Techs. Ltd., et. al.*,
C.A. No. 23-879-GBW-CJB (Consolidated)

Dear Judge Williams:

The parties in the above-referenced action write to apprise the Court of recent developments that they believe will significantly impact the length of trial, which is currently set for seven trial days beginning on April 27, 2026 (D.I. 283).  First, as the Court is already aware, defendant Aurobindo Pharma Limited has been dismissed from this case (D.I. 304).  Second, defendant Dexcel Pharma Technologies Limited, the only other defendant against whom U.S. Patents Nos. 7,214,695 (the "'695 Patent") and 7,214,696 (the "'696 Patent") were asserted, recently informed Plaintiffs that they are no longer challenging the validity of the '695 and '696 Patents.  Dexcel had previously stipulated to infringement of all asserted patents (D.I. 38, "So Ordered" January 26, 2024).  As a result, the only patent remaining in the case is U.S. Patent No. 9,770,441 (the "'441 Patent").

Mindful of these developments, the parties have conferred and agree that the overall length of the trial should be reduced from seven trial days to five trial days, and subject to the approval of the Court, that the shortened trial should run Monday, April 27, through Friday, May 1.

The parties have not reached agreement, however, on one issue that arises from the reduction in scope of the issues for trial: In what order the remaining issues should be presented (*i.e.*, infringement followed by invalidity, or invalidity followed by infringement).  The parties provide a brief summary of their respective positions below.

The Honorable Gregory B. Williams
April 2, 2026
Page 2

## The Position of Plaintiffs, Defendant Dexcel, and Defendant Cipla

Plaintiffs and Defendants Dexcel and Cipla all agree and respectfully propose that the trial sequence proceed with the Court first hearing the issue of validity of the '441 Patent, then hearing the issue of infringement of the '441 Patent as to Defendant Hikma, and then concluding with the issue of infringement of the '441 Patent as to Defendant Cipla. Plaintiffs and Defendants Dexcel and Cipla submit that such a sequence will best allow the Court to hear the issues in a cohesive and efficient manner, minimizes the costs and burdens on multiple parties, and accommodates the limited availability of one expert witness. First, the proposed sequence ensures that the Court will hear each of the three discrete issues – validity, infringement as to Hikma, and infringement as to Cipla – completely before shifting to discrete defendant specific issues. To adopt Hikma's proposed sequencing would guarantee that at least one witness will need to testify out-of-turn, potentially muddling the issues for the Court and prejudicing both Plaintiffs' and Cipla's ability to present their cases. Second, the agreed sequence minimizes the costs on each of the parties. The only issue at trial for Defendant Dexcel is the issue of validity; addressing validity first allows Dexcel to address that issue at the outset, rather than waiting for an uncertain presentation in the middle of the trial. Such certainty will help minimize its trial costs and lend certainty to its trial presentation. Finally, the proposed sequence accommodates the availability of one of Cipla's key experts, who is only available on Friday, May 1. To reverse the trial sequence, as Hikma proposes, would require the Court to hear Cipla's expert out-of-turn, scrambling the infringement case over both the beginning and the end of the trial. For these reasons, Plaintiffs, Dexcel and Cipla respectfully request that the Court order the trial sequence to proceed with the Court first hearing the issue of validity of the '441 Patent, then hearing the issue of infringement of the '441 Patent as to Defendant Hikma, and then concluding with the issue of infringement of the '441 Patent as to Defendant Cipla.

## The Position of Defendant Hikma

Consistent with the typical practice in this Court and to maintain efficiency and fairness to the Court and the litigants, Hikma respectfully proposes that (I) trial run from April 27 through May 1; (II) Plaintiffs proceed with their infringement case first followed by Defendants' invalidity case; and (III) to the extent Cipla's expert, Dr. Spingarn, is unavailable on April 27 or 28 under the Federal Rules, the Court permit Cipla's expert to testify out of turn when he is first available.

Plaintiffs and Defendants Dexcel and Cipla want to deviate from this typical practice simply because a single Cipla expert may not be available until late in the week, even though the trial date has been known for years. They then try to justify their position based on alleged cost savings and efficiency. However, to the extent there may be cost savings, they apparently relate only to Dexcel, who may be able to leave a couple of days earlier. In addition, the schedule proposed by Hikma is no less efficient—having a witness testify out of turn is not a rare occurrence. Further, should the case according to the schedule proposed by Plaintiffs, Dexcel, and

The Honorable Gregory B. Williams
April 2, 2026
Page 3


Cipla move more quickly than expected there will likely be a gap between when Pfizer's infringement case against Hikma ends and its case against Cipla can begin. That is not efficient.

Hikma respectfully requests that the Court adopt its proposed trial sequence.

Respectfully,

/s/ Megan E. Dellinger

Megan E. Dellinger (#5739)


MED/bac

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via electronic mail)