Originally Filed:  April 14, 2026
Redacted Version Filed:  April 21, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC.,<br>FOLDRX PHARMACEUTICALS, LLC,<br>PF PRISM IMB B.V., WYETH LLC, and<br>THE SCRIPPS RESEARCH INSTITUTE, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C.A. No. 23-879 (GBW) (CJB)<br>CONSOLIDATED |
| v. | ) <br> ) | REDACTED - PUBLIC VERSION |
| DEXCEL PHARMA TECHNOLOGIES<br>LIMITED, et al., | ) <br> ) <br> ) | |
| Defendants. | ) | |

**[PROPOSED] PRETRIAL COVER PLEADING**

TABLE OF CONTENTS

Page

I.    NATURE OF THE CASE AND PLEADINGS ...................................................................4

    A.    Plaintiffs................................................................................................................7

    B.    Defendants ...........................................................................................................8

    C.    Pleadings .............................................................................................................9

        1.    Dexcel ......................................................................................................9

        2.    Cipla ......................................................................................................10

        3.    Hikma.....................................................................................................10

        4.    Consolidation .........................................................................................11

II.   JURISDICTION ...........................................................................................................11

III.  ISSUES OF FACT.........................................................................................................11

    A.    Uncontested Facts ..............................................................................................11

    B.    Contested Facts ..................................................................................................11

IV.   ISSUES OF LAW ..........................................................................................................12

V.    WITNESSES..................................................................................................................12

    A.    Identification of Witnesses .................................................................................14

    B.    Testimony by Deposition....................................................................................15

    C.    Impeachment with Prior Inconsistent Testimony ...............................................19

    D.    Objections to Expert Testimony .........................................................................19

VI.   Exhibits .......................................................................................................................20

    A.    Trial Exhibits .....................................................................................................20

    B.    Use of Exhibits...................................................................................................22

    C.    Authenticity........................................................................................................23

    D.    Disclosure of Exhibits to Be Used in Direct Examination of Witness .................24

    E.    Demonstrative Exhibits......................................................................................26

        1.    Opening Statements ................................................................................28

VII.  MOTIONS IN LIMINE .................................................................................................29

VIII. BRIEF STATEMENT OF INTENDED PROOFS..........................................................29

IX.   LENGTH OF TRIAL AND SEQUENCE ......................................................................29

X.    COURT REPORTER PROCEDURES...........................................................................32

XI.   ADDITIONAL MATTERS ............................................................................................32

A. Patent Term Extensions ...................................................................................32

B. Pending Motions ...........................................................................................32

C. Closing Statements........................................................................................33

D. Post-trial Briefing..........................................................................................33

E. Amendments to the Pleadings.......................................................................33

F. Pretrial Conference .......................................................................................33

G. Confidential Information ..............................................................................33

H. Dropped Claims ...........................................................................................34

I. Certification of Settlement Discussions........................................................34

J. Order to Control Course of Action ..............................................................34

## LIST OF EXHIBITS IN JOINT PRETRIAL ORDER

**JOINT STATEMENT OF UNCONTESTED FACTS**                    Exhibit 1

**ISSUES OF FACT THAT REMAIN TO BE LITIGATED**
    Plaintiffs                                          Exhibit 2
    All Defendants                                      Exhibit 3
    Cipla                                               Exhibit 4
    Hikma                                               Exhibit 5

**ISSUES OF LAW THAT REMAIN TO BE LITIGATED**
    Plaintiffs                                          Exhibit 6
    All Defendants                                      Exhibit 7
    Cipla                                               Exhibit 8
    Hikma                                               Exhibit 9

**BRIEF STATEMENTS OF INTENDED PROOFS**
    Plaintiffs                                          Exhibit 10
    All Defendants                                      Exhibit 11

**WITNESSES**
    Plaintiffs                                          Exhibit 12
    All Defendants                                      Exhibit 13

**DEPOSITION DESIGNATIONS**
    Plaintiffs (for Cipla)                              Exhibit 14
    Plaintiffs (for Hikma)                              Exhibit 15
    All Defendants                                      Exhibit 16
    Cipla and Hikma                                     Exhibit 17

**TRIAL EXHIBITS**
    Joint                                               Exhibit 18
    Plaintiffs' List for '441                           Exhibit 19
    Plaintiffs' List for Cipla Infringement             Exhibit 20
    Plaintiffs' List for Hikma Infringement             Exhibit 21
    All Defendants List for '441                        Exhibit 22
    Cipla Exhibit List                                  Exhibit 23
    Hikma Exhibit List                                  Exhibit 24

Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., Wyeth LLC, and The Scripps Research Institute (collectively, "Plaintiffs" or "Pfizer") and Defendants Dexcel Pharma Technologies Limited ("Dexcel"), Cipla Limited ("Cipla"), and Hikma Pharmaceuticals USA Inc. ("Hikma") (collectively, "Defendants") by their undersigned counsel, submit this Proposed Joint Pretrial Order pursuant to D. Del. Local Rule 16.3.

## I.   NATURE OF THE CASE AND PLEADINGS

1. This is a consolidated bench trial case arising under the patent laws of the United States, as well as the Hatch-Waxman Act, 21 U.S.C. § 355.

2. This action arises from each Defendant's submission of its Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of one of Plaintiffs' tafamidis products: Vyndamax® or Vyndaqel®.

3. U.S. Patent Nos. (1) 7,214,695 (the "'695 patent"); (2) 7,214,696 (the "'696 patent"); and (3) 9,770,441 (the "'441 patent") (collectively, "the Asserted Patents") are listed in the Orange Book for Vyndamax®.

4. The Asserted Patents, claims, and issues remaining for trial differ by Defendant and are identified below.[1]

---

[1] Plaintiffs initially asserted claims 1-9 of U.S. Patent No. 7,214,695 ("the '695 patent") and claims 1-3 and 7-9 of U.S. Patent No. 7,214,696 ("the '696 patent") against Dexcel.  On March 24, 2026, Dexcel stated that it no longer intends to challenge the validity of the '695 and '696 patents at trial. Additionally, on January 25, 2024, Dexcel stipulated that submission of Dexcel's ANDA constitutes an act of infringement of claims 1-9 of the '695 patent, claims 1-3 and 7-9 of the '696 patent, and, as pertinent to trial, claims 1-8, 13, 15-16 of the '441 patent under 35 U.S.C. § 271(e)(2)(A).  D.I. 38

| Defendant | RLD | Asserted Claims | Issues Remaining for Trial |
|---|---|---|---|
| Dexcel | Vyndamax® | '441: Claims 1-8, 13, and 15-16<br>'695: Claims 1-9<br>'696: Claims 1-3, 7-9 | '441: Invalidity only; Infringement stipulated<br><br>'695 and '696: None (Infringement stipulated; no longer disputing validity) |
| Cipla | Vyndamax® | '441: Claims 1, 4-8, 13, and 15-16 | Infringement; Invalidity |
| Hikma | Vyndamax® | '441: Claims 1, 4-8, 13, and 15-16 | Infringement; Invalidity |

5.    **Plaintiffs seek (where applicable)**

(a)    A judgment that the Asserted Patents have been infringed under 35 U.S.C. § 271(e)(2) by Defendants' submission to the FDA of their ANDAs;

(b)    A judgment that the Asserted Patents are not invalid.

(c)    A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, offer for sale, sale or importation of Defendants' ANDA Products, or any other drug product that infringes or the use of which infringes one or more of the Asserted Patents, be not earlier than the expiration dates of said patents, inclusive of any existing or forthcoming extension(s) and additional period(s) of exclusivity;

(d)    A preliminary and permanent injunction enjoining Defendants, and all persons acting in concert with Defendants, from the commercial manufacture, use, sale, offer for sale, or importation in the United States of Defendants' ANDA Products, or any other drug product covered by or whose use is covered by one or more of the Asserted Patents prior to the expiration of said patents, inclusive of any existing or forthcoming extension(s) and additional period(s) of exclusivity;

5

(e)      A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Defendants' ANDA Products, or any other drug product which is covered by or whose use is covered by one or more of the Asserted Patents, prior to the expiration of said patents, inclusive of any existing or forthcoming extension(s) and additional period(s) of exclusivity, will infringe, induce the infringement of, and contribute to the infringement by others of said patents;

(f)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(g)      Costs and expenses in this action; and

(h)      Such further relief and other relief as this Court may deem just and proper.

6.      **Dexcel seeks:**

(a)      a judgment in its favor finding the '441 patent claims asserted against Dexcel invalid and dismissing Plaintiffs' Complaint with prejudice as it relates to the '441 patent;

(b)      a declaration that this is an exceptional case under 35 U.S.C. § 285, entitling Dexcel to recover its attorneys' fees and interest incurred in this action;

(c)      an award of its costs and expenses incurred in this action; and

(d)      such further relief as the Court deems just and proper.

7.      **Cipla seeks:**

(a)      a declaration that the filing of its ANDA No. 218409 has not infringed, and does not infringe, any valid and enforceable claim of the '441 patent;

(b)      that the manufacture, use, sale, offer for sale, and/or importation of the drug products that are the subject of ANDA No. 218409 do not, and will not, infringe any valid and enforceable claim of the '441 patent;

(c)      and that the asserted claims of the '441 patent are invalid;

6

(d)    a declaration that this case is an exceptional case under 35 U.S.C. § 285, entitling Cipla to recover its reasonable attorneys' fees incurred in this action;

(e)    an award of its costs and expenses incurred in this action; and

(f)    such further relief as the Court deems just and proper.

8.    **Hikma seeks:**

(a)    a judgment that the submission of its ANDA No. 218205 to the FDA did not infringe the claims of the '441 patent asserted against it (claims 1, 4-8, 13, 15 and 16) ("Hikma Asserted Claims");

(b)    a judgment that its ANDA Product does not and will not infringe the Hikma Asserted Claims of the '441 patent;

(c)    a judgment that the Hikma Asserted Claims of the '441 patent are invalid;

(d)    a declaration that this is an exceptional case under 35 U.S.C. § 285, entitling Hikma to recover its reasonable attorneys' fees incurred in this action;

(e)    an award of its costs and expenses incurred in this action; and

(f) such further relief as the Court deems just and proper.

A.    **Plaintiffs**

9.    Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

10.    Plaintiff FoldRx Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 66 Hudson Boulevard East, New York, NY 10001.

11.    Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in

7

Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

12. Plaintiff Wyeth LLC is a limited liability company organized and existing under the laws of the State of Delaware with offices at 66 Hudson Boulevard East, New York, NY 10001.

13. Plaintiff The Scripps Research Institute is a nonprofit public benefit corporation organized and existing under the laws of the State of California, with a registered address at 10550 North Torrey Pines Road, La Jolla, CA 92037.

**B.      Defendants**

14. Defendant Dexcel Pharma Technologies Limited is a corporation organized and existing under the laws of Israel, having a registered address at 21 Nahum Haftzadi, Jerusalem, Israel 9123901.

15. Defendant Cipla Limited is a corporation organized and existing under the laws of India, with a place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, Maharashtra 400013, India.

16. Former Defendant Zenara Pharma Private Limited ("Zenara") is a corporation organized and existing under the laws of India, with a principal place of business at Plot 83/B, 84, and 87-96, Phase III, IDA, Cherlapally, Hyderabad, 500051, India.

17. On September 3, 2024, ownership of the tafamidis capsules 61 mg, ANDA No. 218205 ("tafamidis ANDA") transferred from Zenara to Hikma Pharmaceuticals USA Inc. ("Hikma"). On October 11, 2024, Plaintiffs, Zenara, and Hikma stipulated to replace Defendant Zenara with new Defendant Hikma in the above-referenced action and dismiss Zenara from these actions. D.I. 105 (All docket citations are to Case No. 23-cv-00879 unless otherwise noted).

18.    Defendant Hikma is a corporation organized and existing under the laws of Delaware, having a principal place of business at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922.

### C.    Pleadings

#### 1.    Dexcel

19.    On August 10, 2023, Plaintiffs sued Dexcel alleging infringement of claims 1-9 of the '695 patent, claims 1-3 and 7-9 of the '696 patent, and claims 1-16 of the '441 patent, based on the submission of ANDA No. 218365 ("Dexcel's ANDA") to FDA to obtain approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of Vyndamax®.  D.I. 1.

20.    On October 5, 2023, Dexcel filed an answer, asserting affirmative defenses for noninfringement and invalidity.  D.I. 12.

21.    On January 25, 2024, Plaintiffs and Dexcel filed a Stipulation Regarding Infringement, in which Dexcel stipulated that submission of Dexcel's ANDA constitutes an act of infringement of claims 1-9 of the '695 patent, claims 1-3 and 7-9 of the '696 patent, and claims 1-16 of the '441 patent under 35 U.S.C. § 271(e)(2)(A), if those claims are not proven invalid, unpatentable, or unenforceable, and that the manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the tafamidis 61 mg capsules and their active pharmaceutical ingredient that are the subject of Dexcel's ANDA will directly infringe, contribute to the infringement of, and/or induce the infringement of each of claims 1-9 of the '695 patent, claims 1-3 and 7-9 of the '696 patent, and claims 1-16 of the '441 patent under 35 U.S.C. §§ 271(a), (b) and/or (c), if those claims are not proven invalid, unpatentable, or unenforceable. D.I. 38.

22.    On January 26, 2024, the Court entered the Stipulation of Infringement.  D.I. 38-1.

23.    On March 20, 2026, Plaintiffs narrowed the '441 patent claims asserted against Dexcel to claims 1-8, 13, and 15-16.

24.    On March 24, 2026, Dexcel stated that it no longer intends to challenge the validity of the '695 and '696 patents at trial.

### 2.    Cipla

25.    On August 18, 2023, Plaintiffs sued Cipla alleging infringement of claims 1-16 of the '441 patent based on the submission of ANDA No. 218409 ("Cipla's ANDA") to FDA to obtain approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of Vyndamax®.  D.I. 1 (Case No. 23-cv-00909).

26.    On September 25, 2023, Cipla filed an answer, asserting affirmative defenses for noninfringement and invalidity.  D.I. 10 (Case No. 23-cv-00909).

27.    On June 27, 2025, Plaintiffs narrowed the asserted claims to claims 1, 4-8, 13, and 15-16 of the '441 patent.

### 3.    Hikma

28.    On August 23, 2023, Plaintiffs sued former Defendant Zenara Pharma Private Limited ("Zenara") alleging infringement of claims 1-16 of the '441 patent based on the submission of ANDA No. 218205 to FDA to obtain approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of Vyndamax®. D.I. 1 (Case No. 23-cv-00924).

29.    On September 25, 2023, Zenara filed an answer, asserting affirmative defenses for noninfringement and invalidity.  D.I. 9. (Case No. 23-cv-00924).

30.    On October 11, 2024, Plaintiffs and Zenara filed a Stipulation and Proposed Order replacing Defendant Zenara with new Defendant Hikma following the transfer of ownership of ANDA No. 218205 from Zenara to Hikma.  D.I. 105.

31.    The Stipulation was entered by the Court on October 11, 2024.  D.I. 105-1.

32.    On June 27, 2025, Plaintiffs narrowed the asserted claims to claims 1, 4-8, 13, and 15-16 of the '441 patent.[2]

### 4.    Consolidation

33.    On November 27, 2023, the three related captioned cases (1:23-cv-00879-GBW-CJB, 1:23-cv-00909-GBW-CJB, 1:23-cv-00924-GBW-CJB) were consolidated for all purposes into 1:23-cv-00879-GBW-CJB, including discovery and trial.  D.I. 22.

## II.    JURISDICTION

34.    Jurisdiction over the parties' claims and defenses, which is not disputed, lies under 28 U.S.C. §§1331, 1338(a), 2201, and 2202.

## III.    ISSUES OF FACT

### A.    Uncontested Facts

35.    The parties stipulate to and admit the facts listed in the Joint Statement of Uncontested Facts attached as **Exhibit 1**.  These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

### B.    Contested Facts

36.    Plaintiffs' Statement of Contested Issues of Fact that remain to be litigated is attached as **Exhibit 2**.

37.    Defendants' Joint Statement of Contested Issues of Fact that remain to be litigated is attached as **Exhibit 3**.  Cipla's Statement of Contested Issues of Fact that remain to be litigated is attached as **Exhibit 4**.  Hikma's Statement of Contested Issues of Fact that remain to be litigated is attached as **Exhibit 5**.

---

[2]    Plaintiffs and a fourth Defendant—Aurobindo—stipulated to dismissal of related Case Nos. 23-923 and 23-1182 on March 16, 2026, D.I. 304, and the Court granted those stipulations.

38.     If the Court determines that any statement in a party's statement of contested issues of fact should properly be considered an issue of law, then such statement shall be so considered as an issue of law.

## IV.    ISSUES OF LAW

39.     Plaintiffs' Statement of Contested Issues of Law that remain to be litigated is attached as **Exhibit 6**.

40.     Defendants' Joint Statement of Contested Issues of Law that remain to be litigated is attached as **Exhibit 7**.  Cipla's Statement of Contested Issues of Law that remain to be litigated is attached as **Exhibit 8**.  Hikma's Statement of Contested Issues of Law that remain to be litigated is attached as **Exhibit 9**.

41.     If the Court determines that any statement in a party's statement of contested issues of law that remain to be litigated should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

## V.    WITNESSES

42.     Plaintiffs' list of the fact and expert witnesses Plaintiffs currently intend to call to testify at trial, either in person or by deposition, is attached as **Exhibit 12**.  Plaintiffs reserve the right to call any identified witness, in rebuttal, for purposes of impeachment, or to authenticate document(s). Plaintiffs further identify any witness listed on Defendants' witness list.

43.     Defendants' list of the fact and expert witnesses Defendants currently intend to call to testify at trial, either in person or by deposition, is attached as **Exhibit 13**.  Defendants reserve the right to call any identified witness, in rebuttal, for purposes of impeachment, or to authenticate document(s). Defendants further identify any witness listed on Plaintiffs' witness list.

44.     Any witness not identified in this Order will be precluded from testifying, absent good cause shown.  However, the listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

45.     In accordance with Federal Rule of Evidence 615, fact witnesses (except for each Plaintiffs', Dexcel's, Cipla's, and Hikma's respective designated corporate representative) identified on the parties' witness lists will be sequestered in the absence of an alternative agreement between the parties.  Expert witnesses will not be sequestered. Notwithstanding the foregoing, all expert witnesses may attend opening statements.

46.     The order of the presentation of evidence will follow the sequencing laid out in § IX. of this Order, except that there may be deviations to accommodate witness availability to the extent agreed upon by the parties or ordered by the Court.

47.     Each side's list of deposition designations is incorporated by reference into its list of witnesses that it intends to call at trial, except that a party may not, absent good cause, call a witness for live testimony if that witness has been identified as providing deposition testimony only.

48.     The parties agree that live fact witnesses will be called only once.  If a party calls a fact witness from the adverse party during its case-in-chief, the controlling party shall be permitted to perform its direct examination prior to the cross examination.  In such circumstances, the adverse party shall be permitted on its cross of such fact witness to exceed the scope of the direct.

49.     Nothing set forth herein is intended to abrogate or alter D. Del. LR 43.1. For clarity, in keeping with Local Rule 43.1, an offering party may discuss with a witness his or her testimony while on direct examination, including during adjournments in the trial, breaks during the trial day and overnight.  An offering party may not discuss with the witness his or her testimony during

13

breaks once the witness is tendered for cross-examination. Once cross-examination of a witness is concluded and the witness is passed for re-direct examination, the offering party may again discuss with the witness his or her testimony during breaks after the witness has been passed and is on re-direct examination.

### A.    Identification of Witnesses

50.    Each party will provide to the other a good-faith list of witnesses it intends to call live at trial via e-mail by 7:00 p.m.[3] seven calendar days prior to the first day of trial, without prejudice to the right to remove any witnesses.

51.    Each party will, with its good faith understanding, identify by electronic mail to the opposing party the witnesses it intends to call, the order in which the witnesses will be called, and whether those witnesses will be called live or by deposition, by 7:00 p.m. two calendar days before such witness will be called to testify.  For example, if the party expects to conduct the examination on Tuesday, notice should be given to the opposing party by 7:00 p.m. on Sunday. The parties reserve the right to revise, in good faith, their witness identifications, including without limitation the order, following the close of the other party's case-in-chief or rebuttal case; for avoidance of doubt, this provision does not permit the parties to identify witnesses not disclosed in their pretrial witness lists.

52.    The opposing parties shall identify any objections to such witness(es) by 8:00 p.m. two calendar days before such witness will be called to testify.

53.    The parties shall meet and confer to resolve any objections by 9:00 p.m. that same day.

---

[3]    All times are Eastern Daylight-Saving Time.

54.    If good faith efforts to resolve the objections are unsuccessful, by no later than 6:00 a.m. the day the witness is to be presented, Delaware counsel for the objecting party(ies) shall notify the Court via email (gbw_civil@ded.uscourts.gov) of any objections to witnesses.  The parties shall submit the objections using the Objection Chart found in Judge Williams' Trial Procedures with the objections limited to no more than 150 words per objection and the response limited to no more than 150 words per response. For disputes raised with the Court during trial, pursuant to the 6:00 a.m. email, the parties will send a joint email containing the disputes. The parties agree that the objecting party will provide the responding party with a draft of its 150-word objection by 10:00 p.m. following the meet and confer regarding the dispute, and the responding party will provide the objecting party with a draft of its 150-word response by 11:00 p.m. following the meet and confer regarding the dispute. The parties further agree that the joint email will be finalized by midnight following the meet and confer regarding the dispute. The parties further agree that Delaware counsel for the objecting party(ies) shall be responsible for preparing and sending the joint email to the Court by 6:00 a.m. and providing the Court with courtesy paper copies by 8:15 a.m.  If both sides raise disputes with the Court, the party raising the greatest number of disputes shall be responsible for preparing and sending the joint email to the Court by 6:00 a.m. and providing the Court with courtesy paper copies by 8:15 a.m.

55.    Each party shall update its list of expected witnesses for the following trial day by 7:00 p.m. at the end of each trial day.

**B.    Testimony by Deposition**

56.    Deposition testimony that Plaintiffs may offer into evidence, together with Defendants' counter-designations, Plaintiffs' counter-counter designations, and the parties' respective objections, is identified in **Exhibit 14-15** hereto.

57.    Deposition testimony that Defendants may offer into evidence, together with Plaintiffs' counter-designations, Defendants' counter-counter designations, and the parties' respective objections, is identified in **Exhibit 16-17** hereto.

58.    Deposition testimony to be used solely for impeachment but not admitted into evidence need not be identified to the other side in advance of its use.

59.    The Order contains the universe of deposition designations, counter-designations, counter-counter designations, and objections to admissions of deposition testimony currently contemplated by the parties.  None of the foregoing shall be supplemented without approval of all parties or leave of Court, on good cause shown.

60.    If the party calling the witness by deposition identifies only a subset of its affirmative designations identified in Exhibits 14-17 to this Order, the counter-designating party may identify the withdrawn affirmative designations as counter-designations, subject to evidentiary objections.

61.    Each party shall serve on opposing counsel by electronic mail a written list of its affirmative designations (i.e., the subset of deposition designations already disclosed in **Exhibits 14-17**), including any errata thereto, and any exhibits it intends to admit through those designations that a party intends to use at trial by 7:00 p.m. at least three calendar days before such deposition designation or video is expected to be used.

62.    The receiving party will inform the designating party of any objections and counter-designations, including any errata thereto, and any exhibits it intends to admit through those designations by 7:00 p.m. two calendar days prior to the testimony being offered into the record.

63.    To the extent necessary, the designating party will provide the receiving party with any objections to the counter-designations together with any counter-counter designations,

16

including any errata thereto, and any exhibits it intends to admit through those designations by 8:00 p.m. the same day as receipt of the designating party's counter-designations.

64.    The parties will meet-and-confer that same day at 9:00 p.m. to resolve such objections.

65.    The party offering the deposition testimony shall provide a proposed video at 6:30 p.m. one calendar day before the designations are to be played. The proposed video shall include all designations , including any errata thereto, and embedded exhibits as they will be shown at trial.  If a trial exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the trial exhibit into evidence if it is included on a party's trial exhibit list, subject to the other party's objections and the Federal Rules of Evidence. The deposition video shall include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

66.    Objections to the video (if any) shall be provided by 8:00 p.m. one calendar day before the designations are to be played.

67.    The parties will that same day meet-and-confer at 9:00 p.m. to resolve such objections.

68.    If good faith efforts to resolve the objections are unsuccessful, by no later than 6:00 a.m. the day the testimony is to be presented, Delaware counsel for the objecting party(ies) shall notify the Court via e-mail (gbw_civil@ded.uscourts.gov) of any objections to testimony by deposition.

69.    The parties shall submit the objections using the Objection Chart found in Judge Williams' Trial Procedures. The submission to the Court of unresolved objections to testimony by deposition shall include (1) the relevant designations with disputed passages

17

highlighted; (2) any exhibits to be introduced with the designated testimony, if there remains a pending objection to that exhibit; and (3) a copy of the Objection Chart identifying the pending objection(s) as well as a brief indication of the basis for the objection (no more than 150 words per objection) and the party's response (no more than 150 words per response) to it. The parties agree that the objecting party will provide the responding party with a draft of its 150-word objection by 10:00 p.m. following the meet and confer regarding the dispute, and the responding party will provide the objecting party with a draft of its 150-word response by 11:00 p.m. following the meet and confer regarding the dispute. The parties further agree that the joint email will be finalized by midnight following the meet and confer regarding the dispute.

70.    No later than 8:15 a.m., the objecting party(ies) shall deliver two (2) courtesy paper copies of the foregoing (1) – (3) to Courtroom 6B, and shall leave the courtesy copies on the podium in the courtroom.

71.    To the extent that deposition testimony is admitted into evidence, it must either be played by video or read in open court, unless the Court prefers to accept and take any such submissions under advisement (with each party being charged for the playing time of their respective portions of the video designations).  If a party opts to introduce deposition testimony, any counter-designation, and any counter-counter designation of that same witness's testimony, as well as any errata thereto, must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition.

72.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations, counter-designations, and counter-counter designations that will be read or played.  An additional copy

18

shall be provided to the court reporter. To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations.

73.    Prior to the introduction of deposition testimony, counsel for the introducing party may provide a short introduction to the Court to introduce the witness by name, position or title, and/or the company with which the witness is associated.  No further information shall be provided unless otherwise agreed to by the parties.  A party's introduction of a witness is not evidence and the time for such introduction will be charged against that party.

74.    All irrelevant and redundant colloquy between counsel, requests to have the court reporter read back a question, and objections will be eliminated when the deposition testimony is presented at trial.  Objections will be raised pursuant to the procedures in Paragraphs 69-70.

75.    The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony, nor is it a waiver of any applicable objection.

**C.    Impeachment with Prior Inconsistent Testimony**

76.    The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness.  Any deposition testimony of a witness from the witness list may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

77.    No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment or as otherwise allowed by the Federal Rules of Evidence and/or Federal Rules of Civil Procedure.

**D.    Objections to Expert Testimony**

78.    A party's failure to object to expert testimony as beyond the scope of prior expert disclosures in a timely manner during the direct or redirect examination waives the objection as to

that testimony.  The parties agree that the Court should rule at trial on any objections to expert testimony as outside the scope of prior expert disclosures.  If argued at trial, the time taken to argue and decide such objections will be taken from the time for trial available to the party making the objection, if the objection is overruled, or the party against whom the objection is made, if the objection is sustained.

## VI.    Exhibits

### A.    Trial Exhibits

79.    The joint list of pre-marked trial exhibits that may be offered by any party is attached as **Exhibit 18**.  The parties' joint trial exhibits will be identified by JTX numbers.

80.    The parties agree that the inclusion of an exhibit on the joint trial exhibit list is subject to any objections a party has to any such exhibits and does not constitute agreement that any joint exhibit is pre-admitted or otherwise does not require establishment of foundation through a sponsoring witness.  The parties reserve their rights to use a duplicate version of a proposed joint exhibit provided it is set forth in either Plaintiffs' trial exhibit list or Defendants' trial exhibit list.

81.    The list of pre-marked trial exhibits that may be offered by Plaintiffs is attached as **Exhibit 19-21**.  Plaintiffs' trial exhibits will be identified with PTX numbers.

82.    The list of pre-marked trial exhibits that may be offered by Defendants is attached as **Exhibits 22-24**.  Defendants' trial exhibit lists will be identified with DTX numbers. Plaintiffs and Defendants each reserve the right to offer exhibits set forth on the others' exhibit list, even if not set forth on their own exhibit list, and each party reserves the right to raise objections to the use of the exhibit by the offering party, including if the exhibit is on the opposing party's exhibit list.  All objections to such exhibits are preserved.  The parties shall not remove a document once it has been added to the party's exhibit list without agreement from the other party

To the extent supplemental exhibits are identified and added to a party's exhibit list, the parties agree to disclose any supplemental exhibits promptly after identification, and each party reserves the right to object to such supplemental exhibits as untimely, as well as on the other bases (e.g., hearsay, relevance) to which exhibits may generally be objected. The disclosure requirements of in Section VI.D remain applicable to any identified supplemental exhibits. With the exception of exhibits used solely for cross-examination, impeachment, or refreshment, this Order contains the maximum universe of exhibits to be used by any party (other than solely for impeachment) as well as all objections to the admission of such exhibits. Any exhibit that is not listed in any parties' exhibit list may not be admitted into evidence. Notwithstanding the foregoing, the parties reserve the right to use additional exhibits for impeachment or refreshment purposes but such exhibits may only be offered into evidence if they were on the exhibit list.

83.    The parties reserve their rights to raise all objections to exhibits as set forth on the trial exhibit lists, subject to the parties' stipulations, and pursuant to the procedures set forth at § VI. D.

84.    The listing of an exhibit on a party's trial exhibit list does not constitute an admission as to the relevance or admissibility of that trial exhibit. Each party reserves the right to object to the relevance or admissibility of any evidence offered by another party at the time such evidence is offered and in view of the specific context in which such evidence is offered. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document. Nothing herein shall be construed as a stipulation or admission that a document is entitled to any weight in deciding the merits of this case.

21

85. Legible photocopies of documents may be offered and received into evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made as to the admissibility of such originals.

86. A duplicate of any document, photograph or video may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original.

87. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

**B. Use of Exhibits**

88. Absent agreement of the parties or order of the Court, no exhibit will be admitted unless offered into evidence through a witness, including through deposition, who must at least be shown the exhibit. To the extent the parties stipulate to the authenticity of certain documents, such stipulation does not relieve a party from laying the proper foundation for such document or in complying with all other relevant Federal Rules of Evidence.

89. Provided they are not otherwise objected to, exhibits may be entered through expert witnesses so long as the expert discussed or cited the document in his or her respective expert report or deposition.

90. Any exhibit, once admitted, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

91. No exhibit shall be admitted unless offered into evidence through a witness, subject to the Court's ruling on any objections as to admissibility and the witness's ability to testify concerning said exhibit. Before the conclusion of a party's examination of a witness, any party that has used an exhibit with the witness (whether during direct, cross, or re-direct examination) who wishes that exhibit to be admitted into evidence, must formally move the exhibit into evidence

by reading a list of exhibit numbers into the record. Notwithstanding the foregoing, the Court may permit a party to move the admission of an exhibit at a later time subject to the parties meeting and conferring regarding any such request.

### C.    Authenticity

92.    Any trial exhibit that was produced in discovery by a party and that on its face appears to have been authored by an employee, officer, or agent of the party that produced such document or its predecessors, will be deemed to be a true and correct copy of a document maintained in that producing party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

93.    No foundation need be laid for the authenticity of such documents at trial. For clarity, this provision does not obviate the need to otherwise lay the proper foundation for the admissibility of a document or of testimony about that document (e.g., relevance or personal knowledge of a fact witness, or reliance on a document in an expert report, if not otherwise objected to). This provision also does not obviate the need to establish the date of any document and does not obviate Defendants' burden to establish that any asserted document or reference qualifies as prior art under 35 U.S.C. § 102. The parties reserve the right to object to the introduction into evidence of the documents and files referenced in this provision (in whole or in part) on all other grounds.

94.    The parties stipulate that the parties' ANDA and NDA submissions to the FDA (which includes correspondence with the FDA regarding the same) are authentic and are records of regularly conducted activity (i.e., business records) pursuant to Fed. R. Evid. 803(6).

95.    Legible copies of documents may be offered and received into evidence to the same extent as an original. The parties may substitute pre-marked exhibits identified on **Exhibits 18-24** with color copies and/or more legible versions provided that the content and text is identical to

23

that which was previously identified in **Exhibits 18-24**.  For particularly voluminous documents (e.g., patent application file histories, New Drug Applications, Abbreviated New Drug Applications, and Drug Master Files), the parties may use excerpts of documents identified on their exhibit lists, provided: (i) such excerpts do not mischaracterize or misrepresent the contents of the document as a whole; (ii) such excerpts are disclosed in accordance with the procedures set forth below; and (iii) the other party is permitted to add a reasonable number of pages to the intended excerpt necessary to provide adequate context and completeness for the intended excerpt.

**D.      Disclosure of Exhibits to Be Used in Direct Examination of Witness**

96.      Each party shall provide by electronic mail to opposing counsel a list of all exhibits (by exhibit number) that the party intends to use in direct examination (including of an adverse witness) of witnesses by 7:00 p.m. two calendar days before they will be used at trial.  A party seeking to substitute a pre-marked exhibit with a color and/or more legible version of the same, pursuant to Paragraph 95, shall provide such substitutions at this time.  Notwithstanding the foregoing, each party reserves the right to amend or supplement the list with a reasonable number of exhibits provided such exhibits are promptly identified by 7:00 p.m. one calendar day before they will be used at trial.

97.      The party receiving identification of exhibits intended for use in direct examination of witnesses pursuant to the previous paragraph shall inform the party identifying the exhibits of any objections by 8:00 p.m. one calendar day before they will be used at trial.

98.      The parties shall meet and confer as soon as possible thereafter, but by no later than 9:00 p.m. the same day to resolve such objections.

99.      If good-faith efforts to resolve the objections fail, by no later than 6:00 a.m. on the day the exhibit is to be presented, Delaware counsel for the objecting party(ies) shall notify the Court via electronic mail (gbw_civil@ded.uscourts.gov) of any objections to evidence to be

24

presented.    The parties shall submit the objections using the Objection Chart found in Judge Williams' Trial Procedures with the objections limited to no more than 150 words per objection and the response limited to no more than 150 words per response.  The parties shall attach to the email digital copies of all relevant exhibits with the disputed passages highlighted. The parties agree that the objecting party will provide the responding party with a draft of its 150-word objection by 10:00 p.m. following the meet and confer regarding the dispute, and the responding party will provide the objecting party with a draft of its 150-word response by 11:00 p.m. following the meet and confer regarding the dispute. The parties further agree that the email raising the parties' objections and responses will be finalized by midnight following the meet and confer regarding the dispute.

100.    By 8:15 a.m., the objecting party(ies) shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits.  The parties shall leave the courtesy copies on the podium in the courtroom.

101.    Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with two copies of a binder containing all exhibits and demonstrative exhibits that it intends to use with that witness on direct examination and will provide  two copies to the Court.

102.    The parties agree that this provision does not require the advanced disclosure of exhibits to be used to impeach, to refresh, or for use on cross-examination of any witness, provided such exhibits were identified on a party's exhibit list unless used solely for purposes of impeachment or refreshment.  However, prior to the start of the cross-examination of any witness, the parties agree to provide the other with two copies of a witness binder that contains all of the

25

exhibits expected to be used on cross-examination of that witness (except for impeachment or refreshment) and will provide two copies to the Court.

### E.    Demonstrative Exhibits

103.    The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits.  Plaintiffs' demonstrative exhibits will be identified with PDX numbers.  Defendants' demonstrative exhibits will be identified with DDX numbers.

104.    Each demonstrative exhibit shall identify by exhibit number all trial exhibits that form the basis of the demonstrative exhibit.  Such identified trial exhibits referenced in the demonstrative exhibit and shown to a witness shall be offered into evidence during or at the conclusion of the examination for the witness with whom the demonstratives were used.

105.    Each party will exchange copies of demonstrative trial exhibits expected to be used during the direct examination of a witness, including the identity of the witness, by electronic mail by 7:00 p.m. one calendar day before their intended use, with an agreement that any changes to the demonstratives made after such exchange will be only edits to font, layout, format, or to correct typographical errors and not edits of substance, unless made in response to and for the purpose of resolving an objection.

106.    Any objections will be provided no later than 8:00 p.m. one calendar day before their intended use.

107.    The parties shall meet and confer as soon as possible thereafter but by no later than 9:00 p.m. the same day to resolve such objections.  If the parties' meet and confer session causes the party offering the demonstrative exhibit to make edits of substance, that party shall disclose the revised exhibit to the objecting party as soon as possible.

108.     If good faith efforts to resolve objections to the demonstrative exhibits fail, by no later than 6:00 a.m. the day the demonstrative is to be presented, Delaware counsel for the

objecting party(ies) shall notify the Court via electronic mail (gbw_civil@ded.uscourts.gov) of any objections to the demonstrative. The parties shall submit the objections following the Objection Chart found in Judge Williams' Trial Procedures, with the objections limited to no more than 150 words per objection and the response limited to no more than 150 words per response. The parties shall attach to the email digital copies of all relevant demonstratives with the disputed passages highlighted. The parties agree that the objecting party will provide the responding party with a draft of its 150-word objection by 10:00 p.m. following the meet and confer regarding the dispute, and the responding party will provide the objecting party with a draft of its 150-word response by 11:00 p.m. following the meet and confer regarding the dispute. The parties further agree that the email raising the parties' objections and responses will be finalized by midnight following the meet and confer regarding the dispute.

109.    By 8:15 a.m., the objecting party(ies) shall provide the Court with two (2) courtesy copies of the objections and demonstratives.  The parties shall leave the courtesy copies on the podium in the courtroom.

110.    The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  For video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

111.    For clarity, a highlighted snapshot of a document or testimony (including the use of ballooning, arrowing, or callouts), is not considered a "demonstrative," subject to demonstrative disclosures.

112.    The parties need not exchange in advance of their use any demonstrative exhibits that are created during testimony or demonstratives that are used solely on cross-examination with a witness.

### 1.    Opening Statements

113.    Trial exhibits and demonstrative exhibits to be used with opening statements shall be exchanged via email by 6:30 p.m. one calendar day before the day such opening statement is to be given.  The materials to be exchanged for opening statements will be the same as for all other exchanges for trial and demonstrative exhibits.

114.    For clarity, a highlighted snapshot of a document or testimony (including the use of ballooning, arrowing, or callouts), is not considered a "demonstrative," subject to demonstrative disclosures.

115.    Any objections shall be exchanged by 8:00 p.m. one calendar day before the day opening statements are to be given.

116.    The parties shall meet and confer as soon as possible thereafter but by no later than 9:00 p.m. the same day to resolve such objections.  If the parties' meet and confer session causes the party offering the demonstrative exhibits to be used with opening statements to make edits of substance, that party shall disclose the revised demonstrative exhibits to the objecting party as soon as possible.

117.    If good faith efforts to resolve the objections are unsuccessful, by no later than 6:00 a.m. the day the opening statements are to be presented, Delaware counsel for the objecting party(ies) shall notify the Court via electronic mail (gbw_civil@ded.uscourts.gov) of any objections to the exhibit or demonstrative to be used in opening statements.  The parties shall submit the objections using the Objection Chart found in Judge Williams' Trial Procedures with the objections limited to no more than 150 words per objection and the response limited to no more

28

than 150 words per response.  The parties shall attach to the email digital copies of all relevant demonstratives and exhibits with the disputed passages highlighted. The parties agree that the objecting party will provide the responding party with a draft of its 150-word objection by 10:00 p.m. following the meet and confer regarding the dispute, and the responding party will provide the objecting party with a draft of its 150-word response by 11:00 p.m. following the meet and confer regarding the dispute. The parties further agree that the email raising the parties' objections and responses will be finalized by midnight following the meet and confer regarding the dispute.

118.     By 8:15 a.m., the objecting party(ies) shall provide the Court with two (2) courtesy copies of the objections and demonstratives. The parties shall leave the courtesy copies on the podium in the courtroom.

## VII.   MOTIONS IN LIMINE

119.     The parties agreed to forgo filing motions *in limine*.

## VIII.   BRIEF STATEMENT OF INTENDED PROOFS

120.     In support of its claims and defenses relating to validity and infringement of the Asserted Patents, and in addition to the facts not in dispute, Plaintiffs expect to offer the proofs attached as **Exhibit 10.**

121.     In support of their claims and defenses relating to invalidity and noninfringement of the Asserted Patents, and in addition to the facts not in dispute, Defendants expect to offer the proofs attached as **Exhibit 11**.

## IX.   LENGTH OF TRIAL AND SEQUENCE

122.     This case is currently scheduled for a five-day bench trial beginning at 9:30 a.m. on April 27, 2026 with the subsequent trial days beginning at 9:30 a.m.  This is a non-jury trial.

29

123.    The trial will be timed, with the total time split equally between Plaintiffs, on the one hand, and Defendants, on the other. The parties respectfully request that the Court provide the parties with the amount of time that will be allotted for trial.

124.    Plaintiffs' opening statements for each segment of the case (infringement for Cipla, infringement for Hikma, and validity of the '441 patent) will be no longer than 30 minutes per segment; Defendants' opening statements (collectively) for each segment of the case will be no longer than 30 minutes per segment.

125.    Subject to the Court's standard timekeeping procedures, time that a party is presenting opening statements, examining or cross-examining witnesses, presenting deposition designations that are read or played into evidence, objecting to evidence in open court, or otherwise speaking or arguing on behalf of a party will be counted as the time of that party. The Court will maintain the official total of trial time used by each side.

126.    Proposed order of presentation of Plaintiffs, and Defendants Cipla and Dexcel:

- **'441 Validity**
    - Opening statements will be delivered by Defendants Dexcel, Cipla, Hikma (30 minutes).
    - Opening statements will be delivered by Plaintiffs (30 minutes total).
    - Defendants Dexcel, Cipla, and Hikma will present their case-in-chief on invalidity.
    - Plaintiffs will present their responsive case on validity, including on objective indicia.
    - Defendants Dexcel, Cipla, and Hikma will present their responsive case on objective indicia and may present any proper rebuttal on invalidity.
- **'441 Infringement (Hikma)**
    - Opening statement will be delivered by Plaintiffs (30 minutes).
    - Opening statements will be delivered by Defendant Hikma (30 minutes).

30

- o Plaintiffs will present their case-in-chief on infringement by Hikma of the '441 patent.

- o Defendant Hikma will present its responsive case on noninfringement of the '441 patent.

- o Plaintiffs will present any proper rebuttal on infringement.

- **'441 Infringement (Cipla)**

  - o Opening statement will be delivered by Plaintiffs (30 minutes).

  - o Opening statements will be delivered by Defendant Cipla (30 minutes).

  - o Plaintiffs will present their case-in-chief on infringement by Cipla of the '441 patent.

  - o Defendant Cipla will present its responsive case on noninfringement of the '441 patent.

  - o Plaintiffs will present any proper rebuttal on infringement.

127.    Proposed order of presentation of Defendant Hikma:

- **'441 Infringement (Hikma)**

  - o Opening statement will be delivered by Plaintiffs (30 minutes).

  - o Opening statements will be delivered by Defendant Hikma (30 minutes).

  - o Plaintiffs will present their case-in-chief on infringement by Hikma of the '441 patent.

  - o Defendant Hikma will present its responsive case on noninfringement of the '441 patent.

  - o Plaintiffs will present any proper rebuttal on infringement.

- **'441 Infringement (Cipla)**

  - o Opening statement will be delivered by Plaintiffs (30 minutes).

  - o Opening statements will be delivered by Defendant Cipla (30 minutes).

  - o Plaintiffs will present their case-in-chief on infringement by Cipla of the '441 patent.

  - o Defendant Cipla will present its responsive case on noninfringement of the '441 patent.

  - o Plaintiffs will present any proper rebuttal on infringement.

- **'441 Validity**

  - o Opening statements will be delivered by Defendants Dexcel, Cipla, Hikma (30 minutes).

31

- Opening statements will be delivered by Plaintiffs (30 minutes total).
- Defendants Dexcel, Cipla, and Hikma will present their case-in-chief on invalidity.
- Plaintiffs will present their responsive case on validity, including on objective indicia.
- Defendants Dexcel, Cipla, and Hikma will present their responsive case on objective indicia and may present any proper rebuttal on invalidity.

128.   By 7:00 p.m. one day before the party that is presenting its case-in-chief for a given segment expects to rest, its counsel shall provide to counsel for the other party an estimate of when it expects to rest.

## X.   COURT REPORTER PROCEDURES

129.   The parties will email the court reporter the witness lists, attorney lists, and a glossary of relevant terms and names by April 24, 2026. The parties agree to meet and confer on the preparation of the glossary such that agreement is reached on its content by April 23, 2026.

## XI.   ADDITIONAL MATTERS

### A.   Patent Term Extensions

130.   The current expiration date of the '695 and '696 patents, related to the tafamidis compound and methods of treatment using the tafamidis compound, respectively, is December 19, 2026, subject to any additional interim and/or final patent term extension.  Plaintiff Scripps is pursuing a five-year patent term extension such that, if granted, the '695 and/or '696 patents will expire on December 19, 2028.  Defendants are not challenging the '695 and '696 patents.

### B.   Pending Motions

131.   There are no pending motions.

32

### C.    Closing Statements

132.    The parties respectfully request that closing statements, if any, be postponed until after completion of post-trial briefing.

### D.    Post-trial Briefing

133.    The parties respectfully request that they propose to the court a schedule for post-trial briefing at the close of trial.

### E.    Amendments to the Pleadings

134.    At this time, the parties do not have requests to amend the pleadings.

### F.    Pretrial Conference

135.    The Pretrial Conference will be held on April 21, 2026 at 3:00 p.m.

### G.    Confidential Information

136.    The Court has entered a Protective Order to safeguard the confidentiality of certain of the parties' information, as well as that of third parties.  Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party specifically requests, and the Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence.

137.    Depending on testimony and evidence that the parties disclose, the parties may seek to seal the Courtroom during presentation of commercially-sensitive information of either the parties or any third parties who produced documents in this action.  The parties do not intend to seal the Courtroom except for the limited purposes listed above.

## H. Dropped Claims

138. Plaintiffs are no longer asserting claims 9−12 and 14 of the '441 patent against Cipla, Dexcel, and Hikma, and Plaintiffs are no longer asserting claims 2 and 3 of the '441 patent against Cipla and Hikma. Any final judgment entered in this matter will accordingly reflect that Plaintiffs' Complaints with respect to those claims, and any other claims that Plaintiffs may drop before trial, are dismissed with prejudice.

## I. Certification of Settlement Discussions

139. The Parties have engaged in good faith efforts to explore the resolution of the controversy by settlement but have been unable to reach any agreement that would resolve these matters.

## J. Order to Control Course of Action

140. This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ Megan E. Dellinger | /s/ Anne Shea Gaza |
| Jeremy A. Tigan (#5239)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>mdellinger@morrisnichols.com | Anne Shea Gaza (#4093)<br>Daniel G. Mackrides (#7230)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>agaza@ycst.com<br>dmackrides@ycst.com |
| *Attorneys for Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., Wyeth LLC and The Scripps Research Institute* | *Attorneys for Defendant Dexcel Pharma Technologies Limited* |

34

| Smith, Katzenstein & Jenkins, LLP | Heyman Enerio Gattuso & Hirzel LLP |
|---|---|
| */s/ Daniel A. Taylor* | */s/ Dominick T. Gattuso* |

| | |
|---|---|
| Neal C. Belgam (#2721) | Dominick T. Gattuso (#3630) |
| Daniel A. Taylor (#6934) | Catherine E. Lynch (#7326) |
| 1000 West Street, Suite 1501 | 222 Delaware Avenue, Suite 900 |
| Wilmington, DE  19801 | Wilmington, DE  19801 |
| (302) 504-8400 | (302) 472-7311 |
| nbelgam@skjlaw.com | dgattuso@hegh.law |
| dtaylor@skjlaw.com | clynch@hegh.law |
| | |
| *Attorneys for Defendant Cipla Limited* | *Attorneys for Defendant Hikma Pharmaceuticals USA Inc.* |

35